[No. 35016. Department One. January 7, 1960.]

APOSTOLIC FAITH MISSION OF PORTLAND, OREGON, *Respondent*, v. CHRISTIAN EVANGELICAL CHURCH *et al.*, *Appellants.*[1]

[1]Reported in 347 P. (2d) 1059.

*Conniff & Taylor*, for appellants.

*Johnston & Raley (William A. Martin, of counsel),* for respondent.

MALLERY, J.—This is an appeal by the defendants, Christian Evangelical Church and Robert J. Lieby, from a judgment in an ejectment action in favor of the plaintiff, Apostolic Faith Mission of Portland, Oregon.

The respondent is incorporated in Oregon. It is the original and founding church of the religious denomination with which we are here concerned. It has approximately forty unincorporated branches throughout the world. The church properties, used and paid for by the branches, are held in the name of the respondent.

Many church organizations take the form of a multiple voluntary nonprofit association. Such an association generally consists of (1) one organization with many branches, or (2) a number of autonomous units confederated together. The parties hereto are organized as the first type, which is sometimes denominated as presbyterian. The form of the second type is sometimes known as congregational.

The Port Angeles branch of the respondent church had the appellant Lieby as its pastor for some twenty-one years, and, during that time, he and the congregation acquired and paid for the church, manse, and other personal property

here in question. Title was taken in the name of the respondent in the usual way.

The respondent church has an overseer, who is the head of the respondent, and a board of trustees that have general powers of government over the branches, notwithstanding some degree of local autonomy in church matters of a local nature.

A doctrinal controversy arose between the overseer and the appellant Lieby. It culminated in a meeting of the members of the Port Angeles branch with the overseer and the board of trustees on November 11, 1957, at which time the overseer required the members to choose by ballot between adherence to the respondent church and the appellant Lieby.

Of the members present, twenty-eight voted to adhere to the respondent and fifty-eight followed the appellant Lieby, who thereupon announced that his group would incorporate as a separate church. He pressed the respondent's overseer for a promise to deed the Port Angeles church property to the new corporation when formed. The overseer reluctantly promised to do so in the presence of the trustees, who kept silent on the matter.

The Lieby faction did incorporate, but the request for transfer of the title of the church property to the appellants was refused. The Lieby faction, however, remained in possession of the property after incorporation and proceeded to change the locks on the doors, thereby excluding the loyal members of the respondent church from access to the building. The respondent then brought this action in ejectment to restore possession of the church to its loyal members still in good standing.

Both parties hereto assert their disassociation from each other. The appellant Lieby contends he withdrew, the respondent that he was "disfellowshipped." We are not concerned with the controversy over who accomplished the disassociation. The accomplished fact of disassociation, however, makes the appellants' adoption of articles of faith identical with those of the respondent a mere coincidence without any significance. It certainly does not create any

privity of organization capable of clouding the title to the respondent's property.

■ The appellants rely for reversal upon the resulting trust doctrine. It cannot be invoked in this case, however, for the reason that the loyal adherents to the respondent participated fully in the financing operations, and, hence, it cannot be said that the appellants provided the entire purchase price of the property, or that it was intended for the exclusive use of the particular members who later become "disassociated." The fact is that the respondent holds the legal title to the property for the use of its members as usual. The membership is, of course, limited to those presently in good standing.

The appellants contend that the promise of the overseer to deed the property to the appellants is enforcible either by way of specific performance of an oral contract to convey real estate or by way of estoppel in the ejectment action.

■ We find no merit in these contentions. It is undisputed that no corporate resolution was ever passed to convey the property to the appellants, nor was any attempt made to show that the overseer had authority, under the bylaws of the respondent corporation, to transfer its property without the consent or ratification of the trustees. Without establishing such extremely unusual if not nonexistent corporate powers in the overseer, we find no element of estoppel arising out of his *ultra vires* promise.

The appellants contend that the personal property of the Port Angeles branch of the respondent church belongs to the individual members of the appellant corporation who paid for it.

■ We do not agree. The record does not show that any contributor, who is now a member of the appellant church, ever manifested any intention of merely loaning his individual property to the church. Members of a voluntary nonprofit association and stockholders of a corporation have no individual exclusive ownership of any particular segregated part of the association or corporation property. Such associations and corporations have entities of their own apart from the individual members and stockholders. The

continuity of the entity of the Port Angeles branch of the respondent church is not affected by the withdrawals of individuals or groups of individuals, and ownership of its property, therefore, remains unchanged by the disassociation.

 Any right the presently disassociated members previously had to the beneficial use of the assets of the Port Angeles church was predicated upon their membership in the respondent church. They became strangers to it upon their disassociation.

The judgment is affirmed.

WEAVER, C. J., DONWORTH, OTT, and HUNTER, JJ., concur.

[1]Reported in 347 P. (2d) 1065.