**916**

Meredith W. MILLER, Plaintiff,

v.

**BETHLEHEM STEEL CORPORATION,**
a Corporation, and Island Creek Coal
Company, a Corporation, Defendants.

Civ. A. No. 1013.

United States District Court
S. D. West Virginia,
at Huntington.

Dec. 22, 1960.

John J. Lane, Lane & Preiser, Charleston, W. Va., for plaintiff.

W. G. Stathers, Stathers & Cantrall, Clarksburg, W. Va., for defendant Bethlehem Steel Corp.

John E. Jenkins, Jr., Jenkins & Jenkins, Huntington, W. Va., for defendant Island Creek Coal Co.

HARRY E. WATKINS, District Judge.

This is an action wherein negligence is alleged against two defendants. By agreement of the parties, the question of whether Bethlehem Steel Company is the agent of defendant Bethlehem Steel Corporation has been submitted to the court in lieu of a jury. The parties have agreed that this question be submitted for decision on the deposition of B. D. Broeker, a director and Secretary of Bethlehem Steel Corporation, and Secretary of Bethlehem Steel Company, and have further agreed that if such agency does not exist, there would be no diversity of citizenship, and Bethlehem Steel Corporation would be dismissed for lack of jurisdiction.

The complaint, as now amended, alleges that Bethlehem Steel Company is the duly authorized agent of Bethlehem Steel Corporation, and that Bethlehem Steel Corporation and Bethlehem Steel Company are one and the same, with the corporate distinction therein being a fiction. Bethlehem Steel Corporation denied both these allegations in its answer to the second amended complaint, and thus issue was joined on the question of agency. The main facts relied upon by plaintiff to prove his allegations are:

1. Bethlehem Steel Corporation, a Delaware Corporation, owns all of the capital stock of Bethlehem Steel Company, a Pennsylvania Corporation.

2. Eighteen officers of Bethlehem Steel Corporation are also officers of Bethlehem Steel Company. (Bethlehem Steel Company has seventeen officers who are not officers of Bethlehem Steel Corporation.)

3. There are thirteen directors of Bethlehem Steel Corporation who are also directors of Bethlehem Steel Company. (Bethlehem Steel Corporation has six directors who are not directors of Bethlehem Steel Company.)

4. Of the officers who are not officers of both the Corporation and the Company, all must report to Mr. Martin, President of both Corporation and Company, and Mr. Homer, Chairman of both.

5. The Corporation operates no physical property.

6. The Company is the principal subsidiary of the Corporation, and accounts for fifty to seventy per cent of the Corporation's income.

7. Business between the Corporation and the Company involves only book charges, there being no transfer of actual cash.

8. The management of the Company is in the hands of Mr. Homer as Chairman, and Mr. Martin as President.

It is the finding of this Court that the above facts do not constitute sufficient evidence to allow a determination that the corporate entity of Bethlehem Steel Company is a fiction and so should be disregarded, or that Bethlehem Steel Company is the agent of Bethlehem Steel Corporation. Those facts show merely an opportunity for control by the parent company. They are offset by other facts tending to show that no actual control is exercised. These other facts are:

1. Corporation and Company do not share office space.

2. Directors meetings for the Company and Corporation take place at different times and places.

3. The Corporation does not participate in Company business activities.

4. Contracts entered into by the Company, and moneys expended by the Company, do not need Corporation approval.

5. The hiring and firing of key personnel of the Company is not controlled or subject to the approval of the Corporation.

6. The formal legal requirements of the Corporation and the Company are maintained.

7. The Corporation does not participate in the negotiations or signing of any collective bargaining agreement concerning employees of the Company's Lebanon plant.

8. The Corporation does not attempt to set Company policy with respect to quality, quantity, or selling price of the Company's product or with respect to the purchase of labor, materials or supplies.

9. The transactions of the Company are not supervised by the Corporation, or carried on the books of the Corporation.

10. Neither the Corporation or the Company treat the property of the other as its own.

There are other indications that the opportunity for control which the Corporation possesses has not been used, but the factors listed above show that actual control of the Company by the Corporation is non-existent. In the case of Atwater & Co., Inc. v. Fall River Pocahontas Collieries Co. et al., 119 W. Va. 549, 195 S.E. 99, 104, the late Judge Riley discussed this situation. Because of the excellent reasoning found in that opinion, and the application of the logic to the case at hand, it is felt that a rather lengthy quote from Judge Riley's opinion would not be amiss.

"The instrumentality rule is a modern innovation in the law of corporations. It came into being as a result of a gradual growth, brought about by the necessities of situations which confronted the courts. The development of the law on this question is still in progress, and therefore courts should invoke the rule only with mature consideration and caution. Undue haste in the application of the rule to every case involving corporations would break down the entire corporation law of the country and would bring about disasterous results. In determining the application of the rule, the test is the exercise of control by the parent company over the subsidiary company, and not the mere opportunity to exercise control. Of course, factually in every case the exercise of the control must be viewed in the light of the opportunity to control. * * *

"The foregoing facts undoubtedly show that Atwater Company and its stockholders had the opportunity to control the business and destinies of

Fall River Company. These facts, however, do not, of themselves, constitute the Fall River Company the instrumentality of Atwater Company. The mere fact that two companies have the same officers and directors does not of itself justify the invocation of the instrumentality rule. Such a situation is commonplace in everyday business life. Time and again, courts have held that a corporation is an entity distinct from its stockholders. * * * Equally, it is a general rule that the fact that the majority of the stock of one corporation is owned by another corporation does not make the former the instrumentality of the latter. * * *

" * * * generally, without exception, the corporate veil will be torn away wherever the occasion makes it necessary to prevent a fraud or a wrong."

Plaintiff cites the case of Southern Co-op. Foundry Co. v. Warlick Furniture Co. et al., 1936, 117 W.Va. 336, 185 S.E. 773, 776 for the principle that the facts in this case are sufficient to show that an agency relationship exists in this case. The clue as to what is necessary to disregard corporate entity is found in that case; *the element of fraud.*

"Since the officers and controlling interests are the same and the stockholders practically the same in both the furniture company and furniture store, the abstraction of corporate identity will not be allowed to obscure the real situation. * * * That entity may be ignored, whether in law or in equity, when the later *corporation is organized to promote an unfair purpose* * * *." (Emphasis added)

In the Southern Co-op. Foundry Co. case, one corporation was created as part of a plan to induce creditors of a prior corporation to accept 25 percent in payment of their claims.

This same view is well set out by Judge Soper in Certain-teed Products Corp. v. Wallinger, 4 Cir., 1937, 89 F.2d 427, 434, a case in which the facts showed the element of wrongdoing, fraud, or illegality necessary to hold a parent corporation responsible for the acts of its subsidiary. Judge Soper stated:

"It is obvious that the extent of stock ownership and potential control possessed by the holding company is not the determining factor when its liability for the acts and obligations of the subsidiary are under consideration. Something more must be found—something of fraud or illegality, or wrongdoing, productive of loss or injury to the complainant, to justify the courts, as they are wont to say, in disregarding the corporate entity of the subsidiary body; and it is because of the vague boundaries of this added essential element that it is well nigh impossible in the present state of the law to enunciate a clear cut rule."

This would seem to be the majority view, and it has the support of many text writers. 50 A.L.R. 611; 43 W.Va.Law Quarterly 141.

In this case there is no allegation of fraud or any evidence of fraud. There is no allegation or evidence that the Bethlehem Steel Company was set up for any illegal or wrongful purpose. The facts relied upon by plaintiff in this case, at most, show merely an opportunity for the parent to control the subsidiary; no facts appear showing actual control. There are many facts tending to show that no actual control was ever exercised by Bethlehem Steel Corporation over Bethlehem Steel Company. The opportunity for control is not enough; actual control must be shown. I find that Bethlehem Steel Company is not the agent of Bethlehem Steel Corporation, and thus Bethlehem Steel Corporation is not liable for the alleged negligence of Bethlehem Steel Company.

This opinion is adopted as the findings of fact and conclusions of law of this Court. Counsel for defendant Bethlehem Steel Corporation may prepare an order according to the views expressed herein.