Laverne **TERRY**, Appellant,

v.

Rob Holmes **YANCEY**, Appellee.

No. 9834.

United States Court of Appeals
Fourth Circuit.

Argued April 7, 1965.

Decided April 29, 1965.

———◆———

Armistead L. Boothe, Alexandria, Va., (Boothe, Dudley, Koontz, Blankingship & Stump, Alexandria, Va., and George H. Gossman, Seymour, Ind., and Floyd E. Wadsworth, Shoals, Ind., on brief), for appellant.

Darryl L. Wyland, Washington, D. C. (Robert E. Anderson, Washington, D. C., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, BELL, Circuit Judge, and STANLEY, District Judge.

EDWIN M. STANLEY, District Judge:

The plaintiff, Laverne Terry, a resident of Indiana, brought this action against the defendant, Rob Holmes Yancey, a resident of Virginia, in the United States District Court for the Eastern District of Virginia, to recover damages for personal injuries sustained in an automobile collision on July 11, 1962. The accident occurred in Fairfax County, Virginia, and jurisdiction is based on diversity of citizenship and the amount in controversy.[1] The jury found for the plaintiff and awarded him damages in the sum of $5,100.00. Being dissatisfied with the amount of the award because of the exclusion of certain testimony relating to the cost of employing a substitute salesman, plaintiff appealed. The narrow

1. 28 U.S.C. § 1332.

question presented by the appeal is the correctness of the ruling of the District Judge in excluding this testimony.

The plaintiff has been connected with a Ford automobile agency in Martin County, Indiana, for many years. At some undisclosed time, but before any date material to this controversy, the business was incorporated under the corporate name of Laverne Terry, Incorporated. At the time of the accident in July of 1962, the plaintiff owned 57 per cent of the stock in the corporation, and the remaining 43 per cent was owned by a Mr. Deckert. In January of 1963, the plaintiff purchased Mr. Deckert's stock, and since that time has been the sole stockholder of the corporation. The plaintiff testified that before his injury he devoted most of his time to selling automobiles, and was responsible for about 75 per cent of the sales. He claims that because of the injuries sustained in the accident, his sales ability has been impaired to the point that he can now do only about one-fourth as much selling as before the accident. As a consequence, it is contended that it was necessary to hire an additional salesman, at an expense of about $6,000.00 a year, to make the sales formerly made by the plaintiff.

Plaintiff attempted to introduce evidence concerning his capacity to sell automobiles before and after his injury, and the compensation, in the form of a commission, paid to the substitute salesman. This evidence was excluded by the trial judge, but counsel was permitted to make a proffer of proof in the absence of the jury. On this appeal, the plaintiff states that the only question involved is whether "the owner and top salesman of an automobile agency [is] entitled to prove the cost of hiring another salesman to do the work he did before the accident but cannot do after the accident because of the injuries." The question, in the form stated, is misleading, however, to the extent that it indicates, either directly or by inference, that the plaintiff personally employed or paid compensation to a substitute salesman, since the record discloses that

anything he did in this regard was done as an officer of the corporation, and not as an individual. A possible explanation of the inaccuracy is the apparent failure of the plaintiff to make any distinction between a corporation on the one hand and a proprietorship or partnership on the other. Time and again, both at the trial and in his brief, the plaintiff referred to the substitute salesman *he* had to employ, and to the commission *he* had to pay. A corporation is, of course, an entity separate and apart from its officers and stockholders, and where an individual creates a corporation as a means of carrying out his business purposes he may not ignore the existence of the corporation in order to avoid its disadvantages. Commissioner of Internal Revenue v. Schaefer, 2 Cir., 240 F.2d 381 (1957); Schenley Distillers Corp. v. United States, 326 U.S. 432, 66 S.Ct. 247, 90 L. Ed. 181 (1946).

The District Judge repeatedly offered to admit testimony bearing on the reasonable value of any loss of services, or any loss of salary or other compensation, attributable to the accident, but excluded evidence tending to show losses sustained by the corporation. If the plaintiff had been operating his business as a proprietorship, and it became necessary for him to employ additional help solely because of his injuries, such evidence undoubtedly would have been admitted. He was not, however, permitted, as was attempted, to disregard the corporate entity in order to meet a problem presented by this particular litigation.

While the record is vague and indefinite on the point, it was stated at the time of oral arguments that plaintiff had continued to receive the same salary from the corporation since the accident as that received before his injuries. Since the plaintiff's only source of income was his salary from the corporation, and this had not been diminished, he was unable to show any direct loss of earnings. Conceivably, if a corporation should suffer a loss by reason of injury sustained by one of its stockholders, the stockholder could show, if the evidence

was otherwise relevant and competent, a financial loss to himself to the extent of the reduced value of his stock. We think, however, that such evidence is incompetent for the reason, among others, that it is based on surmise, speculation and conjecture.

It is interesting to note that the gross sales of Laverne Terry, Incorporated, in 1961, the year before the accident, were about $1,109,000.00, and that the corporation suffered a net loss of about $984.00, while in 1962, when the plaintiff was incapacitated during the last half of the year, the corporate sales were about $1,503,000.00, on which a net profit of about $16,900.00 was realized. In 1963, the sales increased to $1,516,000.00, and the corporation realized a net profit of $3,395.00. As earlier noted, during this entire period the plaintiff continued to receive his full salary of $15,000.00 per year. Additionally, the record discloses that after the plaintiff purchased the balance of the corporate stock in early 1963, he devoted a great deal more time to the administrative details of the corporate business. Under these circumstances, it is difficult to understand how the proffered proof, even if admitted, could have established that the corporation suffered any financial loss, or that the value of its corporate stock was diminished, by reason of plaintiff's injuries.

In Gwaltney v. Reed, 196 Va. 505, 84 S.E.2d 501 (1954), it was held that the evidence offered by a graduate nurse "afforded no basis for any reasonable approximation by the jury as to how much earnings * * * [she] had lost." The Court stated that where a loss of earnings is claimed, "a reasonable basis for computation should be available," and that it was incumbent upon the plaintiff to produce evidence going "beyond the realm of surmise and conjecture * * *."

Extensive annotations will be found in 37 A.L.R.2d 364, et seq., dealing with the cost of hiring a substitute as an element of damages in an action by an injured person. So far as can be determined, all the cases referred to deal with businesses being operated either as a proprietorship or partnership. The same is true with respect to the cases cited by the plaintiff in his brief.

The only case cited, or which has been found by independent research, dealing with the employment of a substitute by a corporation to perform the services of one of its injured employees, is Krawczuk v. Cahoon, 175 A. 655 (R.I., 1934). The injured plaintiff was the manager of a corporation engaged in the garage business, and devoted most of his time to selling and exchanging automobiles. He continued to draw his full salary after his injuries, but the corporation was required to employ additional help at the garage during the period the plaintiff was incapacitated. The Court held that "the amount paid as wages to these employees cannot be considered as an element of plaintiff's damages, as these employees were not working for the plaintiff but for the corporation which employed him as manager." This case is distinguishable only to the extent that it is not indicated whether the injured plaintiff was a stockholder, in addition to being the manager, of the corporation.

After a careful reading of the record, and giving due consideration to the briefs and oral arguments of the parties, we hold that the trial judge properly excluded the proffered proof relating to the commissions paid the substitute salesman by Laverne Terry, Incorporated, even though all the stock in the corporation was owned by the plaintiff.

Affirmed.