Aaron V. BROWN, Jr., William E. Culpepper, P. J. Frango, James E. Harris, Jr., David L. Jones, F. D. Mann, and Allen C. Williams, Plaintiffs,

v.

MARGRANDE COMPANIA NAVIERA, S. A. and Texaco, Inc., Defendants.

Civ. A. No. 6199.

United States District Court
E. D. Virginia,
Norfolk Division.

March 15, 1968.

Kelsey, Owens & Sanderlin, Norfolk, Va., for plaintiffs.

Vandeventer, Black, Meredith & Martin, Norfolk, Va., for defendant, Margrande Compania Naviera, S. A.

Seawell, McCoy, Winston & Dalton, Norfolk, Va., for defendant, Texaco, Inc.

## MEMORANDUM ORDER

KELLAM, District Judge.

Plaintiffs instituted this action to recover for alleged salvage services in towing and saving the Tanker SS NEAPOLIS and her cargo. Texaco, Incorporated (Texaco) was made a defendant, along with the company owning the tanker. Texaco filed a motion for summary judgment founded upon an affidavit attached to the motion which sets forth that Texaco owns no interest in the tanker or its cargo, nor was it the charterer of the tanker. The answers filed to interrogatories establish that the tanker is under time charter to Texas Panama Company (Panama), and the cargo was owned by Texas Export Company (Export). Panama and Export entered into contract whereby Panama was to deliver cargo belonging to Export, which was aboard the tanker in question. Texaco owns the stock in Panama and Export. Of the 18 directors of Panama, 8 of them are directors of Texaco, and of the 24 directors of Export, 8 are directors of Texaco, and of Export's 24 directors, 11 are directors of Panama. There is nothing to establish that Texaco exercised dominion or control over Export or Panama, or directed their policies, or maintained their records, finances, properties or rights, or directed either of their operations. There are interlocking directors and officers.

A corporation is an entity separate and apart from its stockholders and officers, and persons controlling it. Terry v. Yancey, 344 F.2d 789 (4th Cir. 1965); Boyle v. United States, 355 F.2d 233 (3d Cir. 1965); Pigott v. Texaco, Inc., 358 F.2d 723 (5th Cir. 1966); United States v. Martin, 337 F.2d 171 (8th Cir. 1964); Markow v. Alcock, 356 F.2d 194 (5th Cir. 1966). Mere ownership by one individual of all of the stock does not make that individual the corporation. Terry v. Yancey, supra; Farmers Feed & Supply Co. v. United States, 267 F. Supp. 72 (D.C.Iowa 1967). There must be something more than identity of of-

ficers and stock ownership in corporate set-ups in order to disregard the corporate fiction. It must appear it was organized for a fraudulent purpose or that some injury has resulted to someone from the transaction, something of fraud, something of illegality or wrongdoing, or something where the moving party has cause for complaint in connection with the transaction. Nolan v. Jensen, 171 F. Supp. 351, 358 (D.C.Va.1959); American Anthracite & Bituminous Coal Corp. v. Amerocean SS Co., 131 F.Supp. 244, 248 (D.C.Pa.1955). To the same effect, see Cannon Mfg. Co. v. Cudahy Packing Co., 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634; Certain-Teed Products Corp. v. Wallinger, 89 F.2d 427 (4th Cir. 1937); Beale v. Kappa Alpha Order, 192 Va. 382, 64 S.E. 2d 789. In the last cited case, the Court approved the language of State v. Swift & Co., Tex.Civ.App., 187 S.W.2d 127, namely, "the general rule is that the separate corporate entity of corporations will be observed by the courts, even though one may dominate or control another, or may treat it as a mere department, instrumentality, agency, etc.; and courts will disregard the separate legal identities of the corporation only when one is used to defeat public convenience, justify wrongs, protect fraud or crime of the other." The instrumentality rule should only be invoked after mature consideration and caution. Indiscriminate application would destroy the purpose of the corporate law. One of the tests is the exercise of control, not the opportunity to exercise control. The mere fact two corporations have the same officers, directors and stockholders does not of itself justify invoking the rule. The mere fact the stock in one company is owned by another company does not justify invoking the rule. Miller v. Bethlehem Steel Corp., 189 F.Supp. 916 (D.C.W.Va.1960); Atwater & Co., Inc. v. Fall River, etc., 119 W.Va. 549, 195 S.E. 99. The extent of stock ownership and potential control possessed by a holding company is not the determining factor when its liability for acts and obligations of the subsidiary are in question. Something more is needed,

such as fraud, illegality, or wrongdoing which produced the injury or complaint, otherwise the corporate entity will stand, Certain-Teed Products Corp. v. Wallinger, 89 F.2d 427, 434 (4th Cir. 1937); Miller v. Bethlehem Steel Corp., supra. See also Annot., 50 A.L.R. 611. Complete control of the corporation's finances, policy of doing business, with the purpose to commit fraud or do wrong, or violate the law or other legal duty, or to do a dishonest or unjust act in contravention of the plaintiff's rights, and such must have been the proximate cause of the injury complained of, was said to be the test in B-W Acceptance Corp. v. Spencer, 268 N. C. 1, 149 S.E.2d 570, 576 (1966). Such was quoted with approval in National Bond Finance Co. v. General Motors Corporation, 238 F.Supp. 248 (W.D.Mo. 1964), aff'd 341 F.2d 1022 (8th Cir. 1965).

The case of Overstreet v. Southern Railway Co., 371 F.2d 411 (5th Cir. 1967) is almost identical to the case at bar. There, Overstreet was injured at a railway crossing by a locomotive operated by New Orleans & Northeastern Railroad Co. (New Orleans). The locomotive was owned by Alabama Great Southern Railroad Company (Alabama) and leased to New Orleans. The word "Southern" was written on the locomotive. Southern Railway Company (Southern) owned 100 percent of the stock of New Orleans, but there was no evidence Southern was operating the train. Summary judgment was granted for Southern. In sustaining the action of the district court in entering summary judgment, the Court at page 412 said:

> A corporation is a legal entity separate and apart from its stockholders. United States v. Davidson, 5 Cir., 1943, 139 F.2d 908, and the corporate fiction should not be disregarded because of identity of corporate names, stockholders and officers and the fact of ownership of capital stock in one corporation by another. Maule Industries, Inc. v. Gerstel, 5 Cir., 1956, 232 F.2d 294. Since New Orleans & Northeastern Railroad Company owns and actively

operates its own business, the mere fact that Southern Railway Company owns all of its stock does not render the holding company responsible for the actions of its subsidiary. Atlantic Coast Line Railroad Co. v. Shields, 5 Cir., 1955, 220 F.2d 242. The circumstances here do not warrant a disregard of the separate entity of the two corporations. Plaintiff should have sued the New Orleans & Northeastern Railroad Company. As this Circuit said in New Orleans & Northeastern Railroad Co. v. Hewett Oil Co., 5 Cir., 1965, 341 F.2d 406:

> "Although the constituent members of the Southern Railway System constitute a 'family', it is plain from the record that the members of the family are separate entities."

Here, there is no evidence, or even suggestion of injustice, or fraud, or wrong, or that public convenience is affected, or that any illicit act has been committed. Hence, the motion is granted, and Texaco is dismissed.