In re Herman Roy BOITNOTT, Gail Hope Boitnott, Debtors.

Herman Roy BOITNOTT, Gail Hope Boitnott, Plaintiffs,

v. .

UNITED VIRGINIA BANK, Defendant.

Bankruptcy No. 7–79–00876.

United States Bankruptcy Court, W. D. Virginia, Roanoke Division.

April 10, 1980.

See also 4 B.R. 122.

---

Fergus B. Norton, Roanoke, Va., for plaintiffs.

Maryellen F. Goodlatte, Roanoke, Va., for defendant.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

The issue before the Court involves a question as to whether or not certain property hereinafter set forth is exempt.

Herman Roy Boitnott and Gail Hope Boitnott, husband and wife (Debtors) filed petition herein pursuant to Chapter 7 of the Bankruptcy Code and an Order for Relief was accordingly entered pursuant to said Code. Prior to filing said petition the Debtors were engaged in the operation of a meat market in which they were principals and sole owners of Mount Vernon Meats, Inc., a Virginia Corporation. Mount Vernon Meats, Inc. has not filed petition herein and is not before this Court.

At the time the petitions were filed herein, sundry items of machinery and tools were located on the premises used therein and claimed by Herman Roy Boitnott, one of the Debtors, and used as "tools of trade" under the exemption statute of Virginia.

Following the filing of the petitions herein by the Debtors, the Plaintiff, United Virginia Bank, filed an action in the State Court, to-wit: the Circuit Court for the City of Roanoke styled *United Virginia Bank*, Plaintiff v. *Mount Vernon Meats, Inc.*, Defendant, seeking recovery of its items of machinery and equipment claimed exempt which are described as follows:

1   Hobart Slicer—1692177

1   Chatillion 500 lb. wall scale

1   Butcher Boy Meat Grinder—2189

1   Butcher Boy Blender

3   Meat BLocks

1   Hobart Meat Saw # 5014–1364161 (1603261)

1   No. 1655 Dayton Counter Scale— 1295134

1   Hobart No. 401–2 tenderizer— 12704043

1   Cash Register—NCR 32–8900717

1   Meat Grinder—926917

1   Toledo Calendar Scale

1   Group miscellaneous smallware including shelves, knives, saws and other utensils necessary to business

1   Remington Rand adding machine

As the case proceeded in the State Court to virtual conclusion, the Debtors, on March 5, 1980 filed a Complaint herein seeking an injunction against the Bank prohibiting the Bank from repossessing and liquidating the items of machinery and equipment as sought in the State Court proceeding. Thereafter on March 6, 1980, the Circuit Court for the City of Roanoke entered an order in the case therein pending against Mount Vernon Meats, Inc. adjudging that the property listed herein was the property of Mount Vernon Meats, Inc. and not the personal property of the Defendants, Herman Roy Boitnott and/or Gail Hope Boitnott. The Circuit Court thereupon ordered Herman Roy Boitnott and Gail Hope Boitnott to deliver within ten days to the Bank the said property.

The Debtors, having claimed said property in the schedules filed in this Court as exempt filed their said Complaint on March 5th seeking protection of this Court in their exemption claim and an injunction against the Bank from repossession. Upon motion of the Debtors when the Complaint was filed herein, this Court entered a temporary restraining order enjoining the Bank from repossessing the machinery and equipment pending a determination of the rights of the parties to their claim to the property as exempt as set apart by this Court. In the same Order, this Court fixed a hearing on March 18, 1980 at 2:30 p. m. for a trial of the issue and a determination of the Debtors' claim to the property alleged to be exempt.

Upon the trial of the issues, it appeared to the Court that on June 1, 1974, the

Debtors purchased, pursuant to written agreement, the capital stock of Mount Vernon Meats, Inc., a Virginia Corporation located in Roanoke County, Virginia from Anthony V. and Helen L. Torre. The stock purchase agreement filed as an exhibit herein reflects the standard stock purchase provision found in customary stock purchase agreements as to the manner and payment of the purchase price, security agreement for the deferred purchase money, insurance requirements, corporate records, warranties and other provisions. With reference to the security agreement perfecting a security interest, Article 3 of the said stock purchase agreement provided that the purchasers, the Debtors herein, would execute a security interest and perfect the same in behalf of the sellers, the Torres in a list of inventory attached to said agreement as Exhibit 2. Exhibit 2 attached thereto described property generally as the same property listed herein and claimed exempt with the exception of some items which had been discarded or otherwise disposed of during the period of time the Debtors operated the business.

The Defendants Exhibit 1 introduced herein was a document designated "bill of sale" which reflects that the Torres purchased from one John D. Martin, Receiver, in a suit then pending in the Circuit Court of Roanoke County the items almost identical to those attached as a part of the exhibit to the "stock purchase" agreement. The bill of sale was executed by the Receiver on June 19, 1970 conveying the property.

The Bank introduced as Exhibit 3 a financing statement dated May 31, 1978, representing a statement of Mount Vernon Meats, Inc. and reflects inventory and equipment as being owned by Mount Vernon Meats, Inc. Helen Torre, called as a witness by the Bank, testified that the equipment transferred and the bill of sale from Martin, Receiver, "was the equipment listed on the stock purchase agreement" as an exhibit thereto. There was no evidence before the Court that the machinery and inventory transferred to Mount Vernon Meats, Inc. was ever transferred to the individual Debtors herein. Herman Roy

Boitnott testified that it was his understanding and he therefore assumed that once the debt to the Torres was paid he and wife as individuals would personally own the equipment and machinery, and that he did not understand that the Corporation, Mount Vernon Meats, Inc. would retain title to the equipment following the payoff of the note secured by the security agreement executed pursuant to the "stock purchase agreement". He further testified that the Torre note had been paid in full.

There is serious question as to whether or not the list of inventory and machinery would qualify as "tools of trade" of debtor as a "meat cutter" or "butcher" and therefore exempt under Virginia Code § 34–26. The exemption is claimed under this section and not by virtue of a homestead exemption which may be claimed pursuant to Virginia Code § 34–4 by executing and recording a homestead deed. However, since this decision turns on a determination of the title to and ownership of the property, the question as to whether or not the items qualify as "tools of trade" is not reached.

No evidence was presented that title was ever transferred from Mount Vernon Meats, Inc. to the debtors.

As noted in 4B *M.J.* § 5 "Corporations", (1979 Repl. Vol.), "An incorporated company is an entity wholly separate and distinct from the individual stockholders or members who compose it." *Beale v. Kappa Alpha Order*, 192 Va. 382, 64 S.E.2d 789 (1951); *Brown v. Margrande Compania Naviera, S. A.*, 281 F.Supp. 1004 (E.D.Va. 1968); *Terry v. Yancey*, 344 F.2d 789 (4th Cir. 1965); *Mullins v. F. N. E. B.*, 275 F.Supp. 712 (W.D.Va.1967).

■ Neither individual stockholders nor members of the corporation are entitled to share in the legal rights or title to property which vests in the corporation. *See Chesapeake & O. R. Co. v. Paine and Co.*, 70 Va. (29 Gratt.) 502 (1877).

■ As mentioned, the stockholders of a corporation have no legal title to property which is owned by the entity known as the

"corporation." *Mutual Transfer Corp. v. Commonwealth*, 172 Va. 622, 1 S.E.2d 477 (1939). Even where only one person owns all the stock in the corporation, he is not entitled to the legal property rights of the corporation. *Brown, supra.*

It is well settled that from the very nature of a private business corporation, the stockholders are not the private and joint owners of its property. *Barksdale v. Finney*, 55 Va. (14 Gratt.) 338 (1858). The corporation buys, sells, mortgages, or holds property in its corporate name. *Gordon v. Richmond F. P. R. R.*, 78 Va. 501 (1884). Thus, when debtors purchased the capitol stock from the predecessor in interest, under the stock purchase agreement the assets now claimed by the debtor as exempt were and remain property of the corporation, not the debtors in their individual capacities.

Accordingly, it is the conclusion of the Court that the property in question is an asset of Mount Vernon Meats, Inc. and the Debtor has no right to the exemption and it is so ORDERED.

Service of a copy of this Memorandum Opinion and Order is being made by mail to the Debtors; Fergus B. Norton, Esq., Counsel for the Debtors; and Maryellen Goodlatte, Esq., Counsel for United Virginia Bank.