In re Morris W. LINDERMAN and Elva L. Linderman, Debtors.

Bankruptcy No. 81–91769T.

United States Bankruptcy Court,
W. D. Washington
at Tacoma.

May 25, 1982.

James B. McCoy, Longview, Wash., for estate.

Teri M. Dettmer, Centralia, Wash., for debtors.

## DECISION ON TRUSTEE'S OBJECTION TO EXEMPTIONS

ROBERT W. SKIDMORE, Bankruptcy Judge.

This matter came on as a contested matter for hearing and consideration on December 10, 1981, before the undersigned Judge of the above entitled court on Trustee's Objection to Debtors' Claim to three exemptions on Schedule B–4 in the Petition herein, and debtors' timely request for a hearing. The estate was represented by Trustee James B. McCoy, appearing pro se and the debtors were represented by Teri M. Dittman.

This matter is before the court on the affidavits of Morris W. Linderman and Mr. Linderman's oral testimony of December 10, 1981. Legal arguments were made by briefs of counsel. The following opinion discusses the trustee's objection to the individual debtors' claim of exemption for proceeds from the sale of debtors' home.

The debtors herein filed a joint petition in the above entitled case seeking relief under Chapter 7 of the Bankruptcy Code on September 22, 1981. The debtors are also the sole stockholders of Linderman Enterprises, Inc., a Washington corporation. Also on September 22, 1981, a petition in bankruptcy was filed on behalf of Linderman Enterprises, Inc., under bankruptcy No. 81–01770T. Both bankruptcy cases list the same eleven creditors on Schedule A–3.

The evidence indicates that the individual debtors herein purchased a house in Chehalis, Washington in May, 1976. A first mortgage was granted to Lewis County Federal Savings & Loan in the amount of $13,-200.00. Later in 1976, a second mortgage in the amount of $25,000.00 was granted to Security State Bank. In March of 1977 another indebtedness in the amount of $6,600.00 secured by the residence, was incurred with Lewis County Federal Savings and Loan Association, for the purpose of purchasing another parcel of land. From May, 1976 through February, 1978, the individual debtors made house payments from personal funds in the amount of $6,567.59. From the period December 1978 through June, 1981, payments on the home were made from the corporate account of Linderman Enterprises, Inc. in the total amount of $5,440.00. In the spring of 1977 the debtors remodeled the house with $11,000.00 from Mr. Linderman's inheritance. The home was sold September 4, 1981 and the debtors received total proceeds of $10,610.30.

On Schedule B–4 of the petition in the above entitled case, the debtors claimed $6,089.91 exempt as proceeds of sale of their homestead under 11 U.S.C. § 522(d)(1). The trustee objected to this and to other claimed exemptions. With regard to the home proceeds, the Trustee objected on the basis that corporate assets cannot be claimed as exempt property by individual stockholders in a personal bankruptcy.

■ The provisions for exemptions in the Bankruptcy Code are set forth in 11 U.S.C. § 522. Subsection (b) of Section 522 states that exemptions may be claimed by an "... individual debtor ..." from "... property of the estate..." "Property of the estate" is defined in 11 U.S.C. § 541. One subsection of § 541 includes, with two specific exceptions, "... all legal or equitable interests of the debtor in property as of the commencement of the case ...," as property of the bankruptcy estate. 11 U.S.C. § 541(a)(1). The legislative history of § 541 indicates that Congress intended to give § 541(a)(1) very broad scope.

Under Section 541 of the Code, an estate is created upon commencement of a case, 11 U.S.C. § 541(a). The estate created is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The legislative history indicates that the scope of Section 541 was intended to be extremely broad. It includes all kinds of property, tangible or intangible, and causes of action specified

in Section 70(a) of the Bankruptcy Act. It also includes property recovered by the trustee under Section 542, property merely out of the possession of the debtor, but which remained "property of the debtor". H.Rep.No.95–595, 9th Cong., 1st Sess. 367 (1977); S.Rep.No.95–989, 95th Cong., 2nd Sess. 82 (1978), reprinted in [1979; U.S. Code Cong. & Ad.News 5963, 6323; 5787, 5868, *See also 4 Collier on Bankruptcy,* ¶ 541.06 (15th ed. 1979). "[T]he underlying theory of Section 541(a)(1) is to bring into the estate *all* interests of the debtor in property as of the date the case is commenced. Thus, as a general rule the estate created under Section 541 will include all legal and equitable interests of the debtor in property." *4 Collier on Bankruptcy* ¶ 541.06 (15th ed. 1979). The estate consists of the debtor's interests in property which is not the same as the property in which the debtor has some interest. *Bush Gardens Inc. v. U. S.,* 10 B.R. 506, 508 (1979).

▆▆▆ The Trustee's objection focuses on the distinction between the property interest of the corporation as compared to the property interest of its shareholders. It is a well settled rule of law that a corporation is an entity created by statute, which is distinct and apart from the shareholders of the corporation, *Grayson v. Nordic Co. Inc.,* 92 Wash.2d 548, 599 P.2d 1271 (1979); *State of California v. Tax Commission of State,* 55 Wash.2d 155, 346 P.2d 1006 (1959). Accordingly ownership of corporate stock does not vest the shareholder with a pro rata share of ownership in corporate property. *Christensen v. Skagit County,* 66 Wash.2d 95, 401 P.2d 335 (1965); *Apostolic Faith Mission of Portland, Ore. v. Christian Evangelical Church,* 55 Wash.2d 364, 347 P.2d 1059 (1960).

A corporation is, by legislative enactment, an entity . . . . It is such, separate and distinct from the persons who own its stock. This statutory entity, so long as it exists, is the owner of all of the property which the corporation possesses. An individual shareholder has no property interest in its physical corporate assets. The persons who are shareholders have only rights of participation in corporate affairs . . . . *State of California v. Tax Commission of State, supra,* p. 157, 346 P.2d 1006.

The issue of whether an individual debtor-stockholder could claim a personal exemption in a corporate asset was addressed in *In Re Boitnott,* 4 B.R. 119 (Bkrtcy.1980). The individual debtor was one of the sole owners of stock of a corporation which was engaged in the meat packing business. The individual debtor/stockholder claimed an exemption in meat packing tools and machinery as "tools of the trade." The facts indicated that the property had been purchased pursuant to a security agreement by the corporation. The debtor felt that after the security interest had been paid off, that the items would revert to him personally. There was no evidence that the goods had been transferred to the individual debtor. Therefore, the court found that a corporate asset could not be claimed exempt by an individual stockholder-debtor.

It is well settled that from the very nature of a private business corporation, the stockholders are not the private and joint owners of its property . . . . The corporation buys, sells, mortgages, or holds property in its corporate name . . . . Thus when debtors purchased the capital stock from the predecessor in interest, under the stock purchase agreement the assets now claimed by the debtors as exempt were and remain property of the corporation, not the debtors' in their own individual capacities. *In Re Boitnott, supra,* p. 122.

The evidence in the above entitled case establishes that $5,440.00 of Linderman Enterprises, Inc. funds were utilized to make mortgage payments on the individual debtors' real estate. This raises the issue of whether the corporation had an equitable interest in said property to the extent of its contribution.

▆▆▆ The Bankruptcy Code relies upon non-bankruptcy law to determine whether a "legal or equitable" interest in property exists for the purposes of 11 U.S.C.

§ 541(a)(1). *In Re Shore Air Cond. & Refrigeration Inc.*, 18 B.R. 643 (Bkrtcy.1982). *In Re Jeffers*, 3 B.R. 49 (Bkrtcy.1980); 4 *Collier on Bankruptcy* § 541.02 at 541–12 (15th ed. 1979). Washington law defines "beneficial interest" in property as follows:

Beneficial interest has been defined as the profit, benefit, or advantage resulting from a contract, or the ownership of an estate as distinct from the legal ownership or control. 1 Bouvier's Law Dictionary (Rawles, 3rd ref.), p. 337; Black's Law Dictionary (3rd ed.), p. 206.

In *Catholic Mission v. Missoula County*, 200 U.S. 118, 127, 50 L.Ed. 398, 26 S.Ct. 197 [200], the supreme court of the United States defined beneficial ownership as follows:

"The expression, beneficial use or beneficial ownership or interest, in property is quite frequent in the law, and means in this connection such a right to its enjoyment as exists where the legal title is in one person and the right to such beneficial use or interest is in another, and where such right is recognized by law, *and can be enforced by the courts, at the suit of such owner or of some one in his behalf.*" (emphasis supplied) *Christiansen v. Department of Social Security*, 15 Wash.2d 465, 467, 131 P.2d 189 (1942).

■ The Bankruptcy Court, sitting as a court of equity, *In Re El Patio Ltd*, 6 B.R. 518 (Bkrtcy.Cal.1980); *In Re American Lumber Co.*, 5 B.R. 470 (Bkrtcy.Minn.1980); *Matter Of Supreme Plastics, Inc.*, 8 B.R. 730 (Bkrtcy.Ill.1980); *Christiansen Felton*, 322 F.2d 323 (C.A.Wash.1963), has the authority to recognize and preserve an equitable interest in property.

Generally speaking, a court of equity will interpose to protect an equitable interest which is not cognizable in a court of law. The rights of a beneficiary of a trust, for instance, will be protected in equity. For the purpose of setting up equitable ownership of land against the legal title, resort may be had to a court of equity, since an equitable title is not the basis of a remedy in a court of law. The court may sustain the equitable right against the legal title and either suspend the enforcement of the legal title or decree that it shall be considered as held in trust for the benefit of the one having the equitable title. If equities are made out, the court will always require them to be satisfied before the legal title will be enforced. 27 Am.Jur.2d Equity, § 63, pp. 585–586.

■ The application of the non-bankruptcy law of Washington defining a beneficial interest clearly indicates that Linderman Enterprises, Inc. acquired an equitable interest in the individual debtors' real property by its payment of the sum of $5,440.00 toward mortgage payments from the period of December, 1978 through June, 1981. This being the case, said equitable interest in property should be included in the bankruptcy estate of Linderman Enterprises, Inc. under bankruptcy number 81–01770T. 11 U.S.C. § 541(a)(1). Since the corporation's equitable interest can be traced directly to the proceeds of sale, $5,440.00 of said proceeds are properly property of the estate created in bankruptcy case number 81–01770T, and not property of the individual debtors'-stockholders' estate in the above entitled case. 11 U.S.C. § 541(a)(7).

The remainder of the proceeds of sale of the real property is property of the above entitled bankruptcy estate, 11 U.S.C. § 541(a)(1), (7), and therefore may be claimed as an exemption under 11 U.S.C. 522(b) by the individual debtors herein.

■ As a defense the individual debtors raise numerous claims which they assert against Linderman Enterprises, Inc.: wage claims, set-offs, right to reimbursement, equitable lien, and rent. However, none of these potential rights of action changes the character of the corporation's equitable interest in the proceeds of sale. The nature of these claims render the individual debtors "creditors" of the corporate bankruptcy estate created in bankruptcy number 81–01770T, under the definition contained in 11 U.S.C. § 101(9). As "creditors" of the corporation, the Lindermans may file proofs of claim against said bankruptcy estate pursuant to 11 U.S.C. § 501. Their retention of

all of the proceeds of sale derogates all other creditors of the estate to an inferior position, contrary to the trust-fund doctrine of corporations, which characterizes the assets of an insolvent corporation as a trust fund for payment to all creditors on a pro rata basis, *Rosling v. O. E. Evans Co.*, 123 Wash. 93, 212 P. 151 (1923); *Peeples v. Hayes*, 4 Wash.2d 253, 104 P.2d 305 (1940); *Burk v. Cooperative Finance Corp.*, 62 Wash.2d 740, 384 P.2d 618 (1963), and constitutes a voidable preference pursuant to 11 U.S.C. § 547.

Since the debtors herein did not interpose any defense to the trustee's objections as to the accounts receivable and voidable preference to Pepco Enterprises, the presumption of validity of said exemptions has been rebutted, *In Re Crump*, 2 B.R. 222 (Bkrtcy. 1980); 11 U.S.C. § 522(*l*), and the objections shall be sustained.

Therefore, it is ORDERED, ADJUDGED AND DECREED that the trustee's objections to debtors' exemptions are sustained, but the debtors shall be allowed to claim $649.91 of the proceeds of sale as an exemption.