PER CURIAM:
 

 Jerry T. Melton was convicted on two counts, and given consecutive prison sentences, for concealing property from a bankruptcy trustee during the pendency of bankruptcy proceedings, in violation of 18 U.S.C. § 152 (1982). The property consisted of two automobiles, a 1978 Lincoln Continental and a 1979 Datsun. We affirmed Melton’s convictions on November 3, 1982, in an unpublished opinion. On August 1, 1984, Melton moved the district court pursuant to Fed.R.Crim.P. 35(a) to set aside his consecutive sentences as illegal, contending that the court should have given him only
 
 one
 
 sentence for the two violations. The court denied his motion, and Melton appealed. We affirm.
 

 Melton contends that, even though he concealed two vehicles, he should have been given one sentence because he violated the statute only “once,” in a “single” way, with a “sole” objective in mind. One violation, he says, should lead to one sentence. The government, responding, contends that, if different actions conceal different properties from the trustee, multiple prosecutions can be maintained and multiple punishments imposed.
 

 
 *402
 
 The question this appeal poses is one of congressional intent.
 
 United States v. Universal C.I.T. Credit Corp.,
 
 344 U.S. 218, 221, 73 S.Ct. 227, 229, 97 L.Ed. 260 (1952);
 
 United States v. Kitowski,
 
 729 F.2d 1418, 1422 (11th Cir.1984). “The punishment appropriate for the diverse federal offenses is a matter for the discretion of Congress, subject only to constitutional limitations, more particularly the Eighth Amendment.”
 
 Bell v. United States,
 
 349 U.S. 81, 82, 75 S.Ct. 620, 622, 99 L.Ed. 905 (1955).
 

 The Supreme Court has determined that “when the impulse is single ... one indictment lies, no matter how long the [accused’s] action may continue. If successive impulses are separately given, even though all unite in swelling a common stream of action, separate indictments lie.”
 
 Blockburger v. United States,
 
 284 U.S. 299, 302, 52 S.Ct. 180, 181, 76 L.Ed. 306 (1932). With this principle in mind, we turn to the statute in question here and examine the conduct it proscribes. Section 152
 

 reflects the exercise by Congress of an “all inclusive power, through the bankruptcy grant, to enact any legislation reasonably framed and related to the subject of bankruptcies.” ... “[I]t attempts to cover
 
 all the possible methods
 
 by which a bankrupt ... may attempt to defeat the Bankruptcy Act through an effort to keep assets from being equitably distributed among creditors.”
 

 Stegeman v. United States,
 
 425 F.2d 984, 986 (9th Cir.),
 
 cert. denied,
 
 400 U.S. 837, 91 S.Ct. 74, 27 L.Ed.2d 70 (1970) (emphasis in original) (quoting 1 Collier on Bankruptcy 5 (14th ed. 1968) and 2 Collier on Bankruptcy 1151 (14th ed. 1968)).
 

 Though we have found no controlling Eleventh Circuit or former Fifth Circuit cases, we note that the Second Circuit has addressed the question before us and determined that “[w]hen the concealment of assets belonging to the bankrupt occurs after a receiver or Trustee has been appointed ... each separate act of concealment is a separate violation of [section 152].... In each such instance there is a separate act, taken at a discrete time, accompanied by the requisite intent.”
 
 United States v. Moss,
 
 562 F.2d 155, 160 (2d Cir.1977),
 
 cert. denied,
 
 435 U.S. 914, 98 S.Ct. 1467, 55 L.Ed.2d 505 (1978) (citing
 
 United States v. Kaldenberg,
 
 429 F.2d 161 (9th Cir.)),
 
 cert. denied,
 
 400 U.S. 929, 91 S.Ct. 195, 27 L.Ed.2d 189 (1970). We are persuaded by the Second Circuit’s answer to our question.
 

 In the instant case, the bankrupt concealed two separate automobiles with criminal intent at separate times; thus, the Second Circuit’s test has been satisfied. Also satisfied is the Supreme Court’s “successive impulse” test in
 
 Blockburger.
 
 In short, each of the bankrupt’s concealments was punishable as a separate section 152 violation. The judgment of the district court is, accordingly
 

 AFFIRMED.
 
 *
 

 *
 

 The government advises us that, after this appeal was taken, the district court modified Melton’s count two
 
 sentence
 
 pursuant
 
 to
 
 Fed.R.Crim.P. 35(b); it suggests that the court lacked authority to take such action because this appeal had ousted it of jurisdiction to proceed under rule 35(b). The district court’s rule 35(b) disposition is not before us; we therefore intimate no view as to its validity.