UNITED STATES of America, Plaintiff,

v.

**James M. BRANDON, Vivian S. Brandon, Billy H. Harbour and Larry Sinewitz, Defendants.**

Crim. A. No. 86–00062.

United States District Court,
W.D. Virginia,
Roanoke Division.

Jan. 8, 1987.

**324**

Tom King, Robert C. Burkholder, Jr., Richmond, Va., for plaintiff.

William W. Terry, John H. Kennett, Jr., Roanoke, Va., for defendants.

## MEMORANDUM OPINION

TURK, Chief Judge.

The four defendants in this case are charged with conspiracy, violations of 18 U.S.C. § 152 (bankruptcy fraud), 18 U.S.C. § 1341 (mail fraud), and 18 U.S.C. § 2314 (interstate transportation of stolen goods and securities). The charges arise out of certain transactions and transfers of property that preceded the bankruptcy in 1983 of Southern Electronics, Inc. (SEI). The defendants have moved to dismiss all of the charges brought under 18 U.S.C. § 2314, counts Five through Eleven of the indictment. They assert that the government has failed to allege any stealing, conversion or fraud that would be necessary to bring their acts within the scope of the statute. The court finds that the indictment fails to allege facts that would constitute a violation of § 2314 and therefore will dismiss counts Five through Eleven.

## BACKGROUND

SEI was a retail electrical appliance store in Roanoke, Virginia. Its sole stockholder and president was the defendant Billy H. Harbour ("Harbour"). Defendant Larry S. Sinewitz ("Sinewitz") became the manager of SEI in July of 1981. Previously, he had been an employee of defendant James Brandon. The fourth defendant, Vivian Brandon, is James Brandon's mother.

The 15 count indictment alleges numerous transactions involving the four defendants that may constitute conspiracy, bankruptcy fraud under 18 U.S.C. § 152, mail fraud under 18 U.S.C. § 1341, and the interstate transportation of stolen property under 18 U.S.C. § 2314.

The acts that allegedly violate section 2314, those with which this opinion is concerned, can be summarized briefly. Be-

tween September 1981 and January 1983 the defendants supposedly planned and completed nine shipments from Virginia to Florida of property belonging to SEI. Three of these shipments contained home appliances and stereo equipment. The remaining six consisted of United States Treasury notes. After the transfers, the defendants allegedly converted the property from its corporate use to their own personal use, thereby depleting SEI's assets and prejudicing SEI's creditors.

The government contends that the transfers from Virginia to Florida violated section 2314. It has argued at separate times either that the transfers were thefts from SEI's creditors or that they were thefts from SEI itself.

The defendants argue that both of the government's theories fail to demonstrate any stealing, conversion or fraud that would amount to a section 2314 violations. They contend that the accepted construction of section 2314 prevents a conviction when the predicate theft is the concealment of assets from creditors. As to the other theory, the defendants argue that the removal·of SEI's assets could not have been a theft from SEI because it was accomplished with the consent of the corporation's president and sole stockholder.

## DISCUSSION

### I. *The Scope of 18 U.S.C. § 2314*

■ The applicable language of section 2314 is as follows:

Transportation of stolen goods, securities, moneys, fraudulent State tax stamps, or articles used in counterfeiting
Whoever transports in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud; or Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transports or causes to be trans-

ported, or induces any person to travel in, or to be transported in interstate commerce in the execution or concealment of a scheme or artifice to defraud that person of money or property having a value of $5,000 or more; ...

Shall be fined not more than $10,000 or imprisoned not more than ten years, or both....

18 U.S.C. § 2314 (1982). The scope of the statute extends beyond the class of crimes that would constitute larceny under the common-law. *See United States v. McClain,* 545 F.2d 988 (5th Cir.1977) (international transportation of stolen Mexican national artifacts); *United States v. Vicars,* 465 F.2d 720 (6th Cir.1972) (interstate transport of fraudulently obtained airplane to which defendant had legal title). Courts have refused, however, to use section 2314 as a general sanction for all acts of commercial dishonesty. They have limited section 2314 to a defendant's "offense[s] against another person's proprietary or possessory interests in property." *United States v. Long Cove Seafood, Inc.,* 582 F.2d 159, 163 (2d Cir.1978). Although a section 2314 prosecution can succeed even when a victim cannot be shown to have had good title "the question whether a particular item is 'stolen' cannot be decided without considering whether there has been some inteference with a property interest." *Id., see also McClain, supra,* at 1002; *United States v. Plott,* 345 F.Supp. 1229, 1232 (S.D.N.Y.1972). By limiting the scope of section 2314 to acts that deprive owners of property rights, courts have remained consistent with the Supreme Court's instruction that "ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." *Rewis v. United States,* 401 U.S. 808, 812, 91 S.Ct. 1056, 1059, 28 L.Ed.2d 493 (1971). The court agrees that the soundest application of section 2314 is one that encompasses crimes other than common law larceny but that requires as its basic element an act depriving an owner of his or her rights in property.

## II. Concealment of Assets in Contemplation of Bankruptcy Does Not Violate Section 2314

 The government argues that the defendants violated section 2314 by removing SEI's inventory and assets from Virginia to Florida, thereby concealing the property from SEI's creditors. The government apparently considers a creditor's interest in a debtor's assets to be tantamount to an owner's right in property that receives the protection of section 2314.

The United States Court of Appeals for the Fifth Circuit confronted a similar factual setting in *United States v. Carman*, 577 F.2d 556, 565 (5th Cir.1978). Relying on the same construction of section 2314 that the court adopts here, the court in *Carman* refused to use section 2314 to criminalize the concealment of assets in contemplation of bankruptcy. The court declared in *Carman* that the commercially dishonest practice of hiding assets from the scrutiny of creditors did not amount to stealing, conversion, or fraudulent taking under section 2314. *Id.* The reluctance of the court in *Carman* is attributable first to a concern that a creditor's rights are not ownership rights at all and second to an awareness that creditors are otherwise protected by the bankruptcy laws. *Id.* The court in *Carman* concluded that "[t]he bristling specificity of 18 U.S.C. § 152, which ... makes concealment of assets in contemplation of bankruptcy a crime, strongly suggests this modest and restrained interpretation." *Id.*

 The court here will follow the reasoning of the *Carman* decision. A creditor's interest in a debtor's assets is not an owner's property right that section 2314 protects. Those interests otherwise receive federal statutory protection through the bankruptcy code and related sections of Title 18. It is proper for the government to use 18 U.S.C. § 152 to prosecute the defendants for defrauding their creditors. Indeed, it has done so in counts Twelve through Fifteen of the indictment. The court is unwilling, however, to allow the government to stretch the meaning of 18

U.S.C. § 2314 for further authority to prosecute the defendants' dishonest behavior.

## III. The Defendants Could Not Violate Section 2314 By Removing SEI's Property to Florida

 The government alternately argues that the defendants violated section 2314 by converting SEI's corporate assets to their personal use. It contends that by transferring the property the defendants stole not from the creditors, but from the corporation itself. The defendants counter that their removal of SEI's property was not stealing, conversion or fraud under section 2314 because they accomplished it with the full consent of SEI's sole stockholder, Harbour.

It is an axiom of corporations law that stockholders and the corporation they own are separate legal entities. *Terry v. Yancey*, 344 F.2d 789, 790 (4th Cir.1965). Each has its own liabilities and obligations under the law. This is even true when a corporation has only one stockholder. *In re Boitnott*, 4 B.R. 119, 121 (Bankr.W.D.Va.1980). A sole stockholder is constrained by the same rules that govern other corporations. For example, he may not distribute assets if the corporation otherwise cannot pay its debts, *Va.Code* § 13.1–653(C) (1985). This ensures that a sole stockholder cannot avoid the corporation's civil obligations and liabilities by treating corporate property as his personal property. *Boitnott, supra*, 4 B.R. at 122.

The government argues that these laws that define the economic and civil liabilities of a sole stockholder should also define a sole stockholder's criminal culpability. If a sole stockholder can be civilly liable for converting corporate property to his personal use, the government contends, he should be criminally culpable under section 2314 for the same behavior. The court disagrees.

Criminal liability under section 2314 requires an act depriving an owner of a right in property. *Long Cove, supra*, 582 F.2d at 159. Although it is clear that SEI

owned the inventory and assets at issue here, it is unclear that the defendants violated SEI's distinct ownership rights. A corporation's ownership of property depends on the discretion and consent of its directors, and in some cases, its stockholders. *Va.Code* §§ 13.1–724,853 (1985). Although a corporation may have ownership rights separate from its stockholders, it is the directors and stockholders who control and exercise those rights. Thus, when a sole stockholder elects to remove corporate assets, his decision cannot be deemed a criminal deprivation of someone elses property rights. Instead, it is an exercise of rights that are lawfully within his control. If the decision he made was financially imprudent, unfair, or dishonest then he may be civilly liable for violations of his fiduciary obligations to creditors or criminally liable under tax and bankruptcy laws. The court refuses, however, to extend the corporate legal fiction to mean that a sole stockholder can be guilty of stealing, converting, or fraudulently taking corporate property over which he alone maintains control.

## IV. *Other Matters*

### a. *Mail Fraud*

 Defendants Sinewitz and Brandon also move to dismiss Counts Two, Three, and Four on the ground that these counts fail to adequately allege a mail fraud under 18 U.S.C. § 1341. They point out that the alleged illegal use of the mails, the receipt of invoices for previously shipped goods, occurred after the fraudulent scheme was committed. In mail fraud cases, however, the chronology of the mailings is immaterial. *United States v. Brutzman*, 731 F.2d 1449, 1454 (9th Cir.1984). Letters mailed or received after completion of a fraud can constitute illegal use of the mails under 18 U.S.C. § 1341. *Id.* The court, therefore, will not dismiss Counts Two, Three, and Four.

### b. *Bankruptcy Fraud*

 Defendant Harbour moves to combine Counts Twelve, Thirteen, Fourteen and Fifteen. He contends that the four fraudulent shipments alleged could only reflect one crime of bankruptcy fraud. The court finds, however, that it is reasonable for the government to charge four crimes based on four distinct shipments of goods. *See United States v. Melton*, 763 F.2d 401, 402 (11th Cir.1985). There is no reason, therefore, to separate the counts.

### c. *Motion to Sever*

Defendant Sinewitz moves to be severed from the three other defendants. The court will deny this motion because Sinewitz has presented no persuasive argument why the court should depart from the conventional logic that persons jointly indicted should jointly be tried. *United States v. Spitler*, 800 F.2d 1267, 1271 (4th Cir.1986).

## CONCLUSION

Although the defendants may have dishonestly concealed SEI's assets from its creditors, 18 U.S.C. § 2314 does not apply to the concealment of assets from creditors in contemplation of bankruptcy. Similarly, the defendants' removal of SEI's property with the consent of SEI's sole stockholder could not have been an illegal stealing, conversion, or fraud under 18 U.S.C. § 2314 because they accomplished it with the full consent of SEI's sole stockholder. Accordingly, the court will dismiss counts Five through Eleven of the fifteen count indictment.

The government has indicted the defendants as well for conspiracy, bankruptcy fraud, and mail fraud. Those counts will remain in the indictment.

An order consistent with this opinion will be entered on this day.