**KFC CORPORATION, et al., Plaintiff,**

v.

**Stanley Ray MILTON, Defendant.**

**Civ. A. Nos. 82–378–N, 82–537–N.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Jan. 25, 1983.

T.H. Willcox, Jr., Norfolk, Va., Stephen B. Early, Louisville, Ky., for KFC Corp.

Stephen D. Harris, Williamsburg, Va., for defendant.

## ORDER

CLARKE, District Judge.

This matter comes before the Court on the application of KFC Corporation to have this Court review the Bankruptcy Court's decision to allow certain debtors in bankruptcy (KFC of Emporia, Inc.; KFC of Franklin, Inc.; KFC of Williamsburg, Inc.; and KFCS, Inc.) who were not parties to these District Court proceedings, to remove these proceedings to the Bankruptcy Court.

At the outset it should be pointed out that this Court is fully aware of 28 U.S.C. § 1478(b), and the prohibition contained therein:

The Court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order under this subsection remanding a claim or cause of action, or a decision not so remanding, is not reviewable by appeal or otherwise.

However, in view of our finding that the Bankruptcy Court does not have jurisdiction over the causes of action it is attempting to adjudicate, we are withdrawing these cases of *KFC Corporation v. Stanley Ray Milton,* C.A. No. 80–378–N; and *KFC Corporation v. Stanley Ray Milton,* C.A. No. 85–64–NN; from the Bankruptcy Court. The Bankruptcy Court had no jurisdiction on which to base their removal from this Court.

Briefly setting out the relevant facts, Mr. Milton was a franchisee under four certain franchise agreements entered into with KFC. These franchise agreements were entered into between KFC and Milton in his individual capacity. The debtor corporations, which are wholly owned by Milton, were originally set up by Milton to operate the franchised restaurants and prior to May 13, 1977, the franchise agreements had been between KFC and these corporations. In 1977 however, KFC entered into the franchise agreements with Milton in his individual capacity.

The proceedings in dispute today were initiated by KFC, and arise out of a complaint filed in the United States District Court, Eastern District of Virginia, Norfolk Division, styled *KFC Corporation v. Stanley Ray Milton,* C.A. No. 82–378–N; and a complaint filed (in the Newport News Division) *KFC Corporation v. Stanley Ray Milton,* C.A. No. 85–64–NN. The debtor corporations were not parties in either suit filed.

In June of 1982, the debtor corporations filed Chapter 11 Petitions for relief in the United States Bankruptcy Court. Subsequently, the corporation debtors filed, in the Bankruptcy Court, applications for removal of these District Court proceedings in which Milton, the individual, was the defendant, to the Bankruptcy Court. On September 22, 1982, the Bankruptcy Court granted the debtors petition for removal.

It would serve no useful purpose to detail the current confusion in the administration of Bankruptcy law which has been caused by the *Marathon* case. *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Suffice to say that under the Emergency Rule promulgated in this district, the Bankruptcy Courts are currently working under "PreCongressional Expansion" of their jurisdiction.

The Emergency Rule provides that:

Any Bankruptcy matters pending before a Bankruptcy Judge on December 25, 1982 shall be deemed referred to that judge.

*See:* Emergency Rule, Section (h).

The Rule further provides that:

The reference to a Bankruptcy Judge may be withdrawn by the District Court at any time on its own motion or on timely motion by a party. A motion for withdrawal of reference shall not stay any Bankruptcy matter pending before a Bankruptcy Judge unless a specific stay is issued by the District Court. If a reference is withdrawn, the District Court may retain the entire matter, may refer part of the matter back to the Bankruptcy Judge, or may refer the entire matter back to the Bankruptcy Judge with instructions specifying the powers and functions that the Bankruptcy Judge may exercise. Any matter in which the reference is withdrawn shall be reassigned to a district judge in accordance with the Court's usual system for assigning civil cases.

*See:* Emergency Rule, Section (c)(2).

These Rules provide that the District Court, on its own motion, has the power to withdraw all, or part, of any case pending before the Bankruptcy court on December 25, 1982. Accordingly, for the reasons to be set out below, these cases styled *KFC Corporation v. Stanley Ray Milton,* C.A. No. 82–378–N and *KFC Corporation v. Stanley Ray Milton,* C.A. No. 85–64–NN; are WITHDRAWN from the Bankruptcy proceeding.

The cases which this Court is withdrawing from the Bankruptcy proceedings are cases which, but for Congress' unconstitutional attempt at broadening the Bankruptcy Court's jurisdiction, the Bankruptcy Court would not have had jurisdiction. The District Court cases were filed by KFC against Milton seeking to "recover damages, attorney's fees and costs from Milton due to his failure to pay royalties and national advertising contributions and on account of Milton's infringement and unfair competition resulting from his continuous unauthorized use of KFC's trademarks and service marks." The complaints were filed against Mr. Milton in his individual capacity; not against his corporation. At no time has Mr. Milton filed for bankruptcy. It is important to note that there is a substantial difference between Mr. Milton the individual and the debtor corporations he owns. Once a corporation has a legal existence of its own, it functions as a separate entity. *See: Terry v. Yancey,* 344 F.2d 789 (4th Cir.1965); *Brown v. Margrande Compania Naviera, S.A.,* 281 F.Supp. 1004 (E.D.Va.1968). That being the case, the Court finds that the debtor corporation is not a "party" to the District Court proceedings and Mr. Milton, since he has not personally filed for bankruptcy relief, is not a "party" to the bankruptcy proceeding. *See: In Re Johnie T. Patton, Inc.,* 12 B.R. 470 (Bkrtcy.D.Nev.1981).

Our decision in no way changes the view expressed by the District Court in the case of *E.C. Ernst, Inc. v. Castel Construction of Virginia,* C.A. No. 81–197–N (July 31, 1981). Besides being distinguishable on its facts, that case was decided before the *Marathon* decision. Both the District Court and the Bankruptcy Court were operating under the assumption that the Bankruptcy Courts expanded jurisdiction was constitutional. As such, the Bankruptcy Court did have jurisdiction over the "related" proceedings. In view of the fact that the expanded jurisdiction has now been found unconstitutional, this Court feels compelled to withdraw the present action.

IT IS SO ORDERED.