In re John R. TILLEY and Wanda N. Tilley, Debtors.

W.A.T. COMPANY, Plaintiff,

v.

G & C CONSTRUCTION CORP., Defendant.

Enoch Ensley HOOKER and United Virginia Bank, co-Executors of the Estate of Mary Ensley Hooker, Plaintiffs,

v.

G & C CONSTRUCTION CORP., Defendant.

Bankruptcy No. 84–00284–R.

Adv. No. 84–0172–R.

United States Bankruptcy Court, E.D. Virginia, Richmond Division.

Aug. 28, 1984.

Wyatt B. Durrette, Jr., Richmond, Va., for G & C Const. Corp.

Stanley J. Samorajczyk, Fairfax, Va., for W.A.T. Co.

MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter came before the Court for determination on motion by G & C Con-

struction Corp. ("G & C") requesting this Court to abstain from hearing and to remand to the Circuit Court of King George County, Virginia two separate but related cases. Both cases have heretofore been filed in state court but were removed to this Court upon the debtor's Application for Removal pursuant to 28 U.S.C. § 1478(a). Upon consideration of defendant G & C's Motion to Abstain and Remand and the accompanying Memorandum in Support of Motion to Abstain and Remand as well as the evidence presented by the debtors and defendant G & C at a hearing of this cause held on August 2, 1984, this Court renders the following findings of fact and conclusions of law.

## FINDINGS OF FACT

Chapter 11 proceedings in bankruptcy were instituted on March 5, 1984 by John R. and Wanda N. Tilley, as debtors. The Tilleys own and operate the W.A.T. Company. John R. Tilley is president of the company, Wanda Tilley is secretary and treasurer. Both the Tilleys and the W.A.T. Company have been involved in state court litigation with G & C and other parties prior to the commencement of the Tilleys' Chapter 11 proceedings. The litigation centers around possible breaches of contract pertaining to the Rappahannock River Bridge Project. Two separate state court suits arose from this project which became the subject of the Tilleys' Application for Removal filed with this Court.

The first suit is styled *W.A.T. Company v. G & C Construction Corp.* (hereinafter referred to as "82–10"). This action was a state law breach of contract claim by W.A.T. for $35,000 covering labor and materials furnished to G & C pursuant to an excavation contract entered into between the parties. A counterclaim was filed by G & C alleging damages in the amount of $100,000 for breach of contract.

The second suit is styled *E.E. Hooker and United Virginia Bank v. G & C Construction Corp.* (hereinafter referred to as "82–13"). The Amended Motion for Judgment was filed on May 19, 1983 seeking damages from G & C for breach of contract as well as actual and constructive fraud. The Tilleys were made defendants by the pleading in addition to G & C. A Second Amended Motion for Judgment was filed on July 14, 1983 adding W.A.T. Company as a party defendant alleging again both breach of contract and damages for actual and constructive fraud.

On June 17, 1983, G & C cross-claimed against the Tilleys and filed a Third-party Motion for Judgment against W.A.T. Company. The third-party claim against W.A.T. Company sought damages for both breach of the excavation agreement as well as actual and constructive fraud. The cross-claim against the Tilleys sought recovery for actual and constructive fraud.

On July 28, 1983, 82–10 and 82–13 were consolidated by the state court but later severed for purposes of trial. 82–13 was partially tried on November 3, 1983 with the court hearing only Hooker's claims against G & C, but not hearing either the latter's claims against the Tilleys and W.A.T. Company or Hooker's claims against W.A.T. Company. Hooker's claims against the Tilleys were nonsuited at the start of trial.

On December 8, 1983 both state court actions were reconsolidated. They were set for joint trial in June, 1984. As a result, both state cases were pending upon the filing of the Chapter 11 petition in this Court on March 5, 1984.

Subsequent to the debtors' Application for Removal filed on May 9, 1984, the Circuit Court of King George County entered judgment on May 10, 1984, dismissing W.A.T. Company's Motion for Judgment and entering default judgment on G & C's counterclaim. The dismissal and the default judgment were the result of W.A.T. Company's failure to answer G & C's amended counterclaim or respond to discovery.

W.A.T. Company filed a Chapter 7 petition in bankruptcy on August 2, 1984.

## CONCLUSIONS OF LAW

At the outset, it must be noted that each of the state law proceedings sought to be remanded must be considered independently of one another. Thus, both 82–10 and 82–13 must be found to be properly removable to the bankruptcy court in order for this Court to entertain the cause. Removal is governed by 28 U.S.C. § 1478(a) which states in pertinent part that "[a] party may remove any claim or cause of action in a civil action ... to the bankruptcy court for the district where such civil action is pending, if the bankruptcy courts have jurisdiction over such claim or cause of action." Therefore, the first question which must be addressed is whether or not each of the state law actions now under consideration have been properly removed to the bankruptcy court.

■ The Tilleys timely filed their Application for Removal pursuant to Bankruptcy Rule 9027. For removal to be effected pursuant to such application, two requirements must be met: 1) it must be a party who wishes to remove the cause of action, and 2) the bankruptcy court must have jurisdiction over such cause of action.

■ With respect to the first requirement of § 1478(a), the Tilleys were party-defendants in 82–13, but were not parties to 82–10. The only parties to 82–10 were W.A.T. Company and G & C. Although the Tilleys own and operate W.A.T. Company, this nexus is insufficient for purposes of removal jurisdiction under § 1478(a). A corporation is a separate and independent entity apart from those who may control the actual operations of the corporation. *See, Terry v. Yancey,* 344 F.2d 789 (4th Cir.1965). Because the Tilleys were not parties to 82–10, the Application for Removal filed with this Court had no effect in bringing that case before this Court. *See KFC Corporation v. Milton,* 27 B.R. 158 (E.D.Va.1983). Thus, with respect to 82–10, the Court concludes that it has not been removed and remains in the breast of the Circuit Court of King George County.

With respect to 82–13, the first requirement of § 1478(a) is met. The Tilleys were party-defendants to the action and are, therefore, proper parties to remove a case pursuant to § 1478(a). However, the second requirement of § 1478(a) allows removal only if the bankruptcy court has jurisdiction.

The jurisdiction of the bankruptcy courts has been an unresolved issue for two years. The decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) struck down 28 U.S.C. § 1471 of the 1978 Bankruptcy Code as an unconstitutional grant of jurisdiction to the bankruptcy courts. In response to the crisis thus created in the administration of the bankruptcy laws, the Judicial Conference of the United States promulgated an Emergency Resolution as an interim measure to allow the continued operation of the bankruptcy courts with less sweeping jurisdiction until Congress could act to remedy the situation.

Pursuant to the Emergency Resolution, an Emergency Rule was adopted by the Judicial Conference of the Fourth Circuit which was to govern the jurisdiction of the bankruptcy courts in this circuit. The Emergency Rule referred jurisdiction to hear bankruptcy matters from the district court to the bankruptcy court for those proceedings "arising in or related to cases under Title 11". Emergency Rule § (c)(1). The Emergency Rule has continued to be in effect until July 10, 1984 when Congress enacted the Bankruptcy Amendments and Federal Judgeship Act of 1984, P.L. 98–353 (the "Act"), containing a new provision 28 U.S.C. § 1334 governing the jurisdiction of bankruptcy courts. Section 122(a) of the new Act's transitional provisions provides that the new jurisdictional provision § 1334 shall take effect on the date of enactment.

Counsel for defendant G & C argues that § 1334(c)(2) of the new amendments applies to the motion currently before the Court and would preclude this Court from taking jurisdiction over 82–13. However, § 122(b) of the transitional provisions of the new Act dictates a different result. Section

122(a), as noted above, provides that "the amendments made by this title shall take effect on the date of the enactment of this Act." However, § 122(b) further provides that "[s]ection 1334(c)(2) of title 28 ... shall not apply with respect to cases under title 11 of the United States Code that are pending on the date of enactment of this Act, or to proceedings arising in or related to such cases." Thus, the new jurisdictional provisions provided for in § 1334(c)(2) are not applicable in this proceeding because this case was pending on the date of enactment of the new Act. The debtors filed their Chapter 11 petition on March 5, 1984 and the Application for Removal was filed on March 9, 1984.

This Court also concludes that § 1334 as presently enacted is not the only controlling jurisdictional provision for purposes of the motion currently before the Court. At the time the Application for Removal was filed, removal was governed by § 1478(a). Section 1478(a) provided for *automatic* removal of cases if (1) a party seeks removal and (2) the bankruptcy court has jurisdiction.

▇▇▇ Under this section, jurisdiction must be determined as of the date of the Application for Removal in order to effectuate the intent of the drafters of the Code that the removal be automatic. Any subsequent change in the jurisdiction of the bankruptcy courts does not work to defeat the initial automatic removal of a case over which the court had jurisdiction at the time the Application for Removal was filed. Rather, a subsequent change in jurisdiction may only be used as grounds for a motion to remand.

Thus, in the instant case, the enactment by Congress of § 1334 effective July 10, 1984, would not be the applicable section to determine the validity of a removal applied for prior to enactment, but may be grounds for a motion to remand under either the terms of § 1334 or where § 1334 worked to limit this Court's jurisdiction. This Court can find nothing in § 1334, save § 1334(c)(2) which does not apply to this case, which would prevent this Court from

exercising jurisdiction over cases "arising in or related to cases under title 11." 11 U.S.C. § 1334(b). The result is a two-step process: first, determine the validity of the removal under § 1478(a) as jurisdiction existed as of the date of the Application for Removal; and, second, to determine whether remand would be proper under the current removal and jurisdictional statutes of the Bankruptcy Amendments of 1984.

As a consequence of the foregoing, this Court concludes that it must determine jurisdiction for purposes of § 1478(a) under the Emergency Rule as it existed prior to July 10, 1984. Under the Emergency Rule a bankruptcy court may take jurisdiction over "related proceedings". Rule § (c)(1). "Related proceedings" are defined in § (c)(3)(A) of the Emergency Rule as "those civil proceedings that in the absence of a petition in bankruptcy, could have been brought in a district court or a state court." Under this definition, the Court concludes that 82–13 is a "related proceeding" over which the Court might take jurisdiction. *See, First National Bank of Nevada v. Johnie T. Patton, Inc.,* 12 B.R. 470 (Bankr.D.Nev.1981) (action against guarantors of a debtor's obligation is a related proceeding over which the bankruptcy court had jurisdiction).

▇▇▇ Counsel for defendant G & C objects to this Court's assumption of jurisdiction over 82–13 based on the holding in *KFC Corporation v. Milton,* 27 B.R. 158 (E.D.Va.1983). In *KFC,* the District Court for the Eastern District of Virginia held that the bankruptcy court had improperly removed a case involving trademarks and servicemarks from the district court to the bankruptcy court. A close reading of *KFC* discloses that the court primarily based its decision on the fact that the debtor could not have removed the district court proceeding under § 1478(a) because the debtor was not a party to those proceedings. Thus, the district court need not have reached the jurisdictional issue in order to have properly withdrawn the removed case. This Court cannot adopt the reading of counsel for defendant G & C that *KFC*

stands for the proposition that the bankruptcy court has no jurisdiction over "related proceedings", inasmuch as this is clearly in conflict with the express language and spirit of the Emergency Rule. As such, the Court finds that 82–13 was properly removable as having satisfied the requirements of § 1478(a) and that the removal was effected by the debtor's timely filing of the Application for Removal pursuant to Bankruptcy Rule 9027.

■ The resulting situation of having one case properly removable (82–13) and the other not properly so (82–10) raises the issue of what effect the state court's consolidation of these cases has on their removal. Counsel for G & C argues that the removal of 82–13 created a severance of the consolidated actions. The Circuit Court of King George County apparently accepted this argument. This Court can find no fault in the state court's conclusion that 82–10 was severed from 82–13 by the Application for Removal filed by the debtors in this case. To hold otherwise would allow a party seeking removal to do indirectly what he cannot do directly, *viz.*, to bring before this Court a state claim which does not meet those requirements. The mere fact that both claims arose out of the same transaction is insufficient to allow this Court to take jurisdiction over 82–10 in light of § 1478(a)'s clear language requiring that only a *party* may remove.

In addition, this Court considers it highly relevant that the plaintiff in 82–10, W.A.T. Company, had ample opportunity to prosecute its claim in the state forum. Now that its suit has been dismissed for failure to comply with discovery requests and default judgment entered for failure to answer the defendant's amended counterclaim, W.A.T. Company, through the Tilley's Application for Removal, seeks to circumvent the effect of the state court judgment. This Court is not inclined to give W.A.T. Company an undeserved opportunity to reassert the claims in 82–10, particularly when to do so would prejudice the rights of another party to the proceeding. In this case, the rights of defendant G & C would be severe-

ly prejudiced by the removal. *See In re Harlow,* 13 B.R. 475 (Bankr.D.Vt.1981).

The Court concludes that the debtors' Application for Removal automatically severed the consolidated cases pending in state court. 82–10 was not properly removable and remains in the breast of the state court. 82–13, however, was properly removed to this Court and it remains to be determined whether or not it should be remanded.

A bankruptcy court's authority to remand is currently found in 28 U.S.C. § 1452(b), which states in pertinent part: "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." This language mirrors the prior provisions of § 1478(b) and does not work a change in substantive law. Among the "equitable grounds" for remanding a case which were considered under § 1478(b) and are applicable under the new provisions include:

1) duplicative and uneconomical effort of judicial resources in two forums;

2) prejudice to the involuntarily removed parties;

3) forum non conveniens;

4) a holding that a state court is better able to respond to a suit involving questions of state law;

5) comity considerations;

6) lessened possibility of an inconsistent result; and

7) the expertise of the court in which the matter was pending originally, e.g., a Court of Claims or the United States Customs Court.

*Mazur v. U.S. Air Duct Corporation,* 8 B.R. 848, 854 (Bankr.N.D.N.Y.1981).

The issues involved in 82–13, i.e. breach of contract and actual and constructive fraud, are purely state law claims for which the Circuit Court of King George County is particularly well suited to decide. In addition, by virtue of the fact that the bankruptcy court does not have removal jurisdiction over 82–10, any decision by this Court to retain 82–13 would entail duplica-

tive effort and an uneconomical use of judicial resources in two forums, as well as increase the possibility of inconsistent results. This is true particularly where, as in this case, the state court has already proceeded to hear a portion of the claims involved in the state law action. In the instant matter, the Circuit Court of King George County has already tried Hooker's claims against G & C.

The case for remanding 82–13 is further buttressed by the new provisions of § 1334(c)(1) which provide that the district court, and the bankruptcy court by referral under 28 U.S.C. § 157(a), may abstain from hearing a case "arising in or related to a case under title 11" whenever such action would be "in the interest of justice, or in the interest of comity with [s]tate courts or respect for [s]tate law." Although this Court holds that § 1334(c)(2) is inapplicable to this proceeding pursuant to § 122(b) of Public Law 98–353, this Court takes note of the intent of Congress in enacting § 1334(c)(2) that pending state law claims should be tried in state law forums. Taking into consideration the totality of the facts and circumstances of this case, the Court finds that retention of removal jurisdiction over 82–13 would not be proper and, thus, this cause of action must be remanded to the Circuit Court of King George County.

Counsel for the Tilleys argued at the hearing of this matter that the allegations of fraud against them in 82–13 would also be an issue under 11 U.S.C. § 523 of the Bankruptcy Code in a subsequent hearing determining the dischargeability of the debt should fraud be established. The debtors argued that the bankruptcy court should hear the state law fraud claim so that the fraud issues will not have to be relitigated before the bankruptcy court at a subsequent § 523 hearing.

This Court concludes, however, that it is more appropriate for the state court to determine the debtors' liability for fraud which is a matter for state law determination and leave to this Court the issue of whether this debt, once established, should be denied dischargeability under § 523(a)(2)(A). The bankruptcy court retains jurisdiction to determine the dischargeability of this debt if later found to be owing. The Court takes note of the possible duplicity in hearings. However, any possible duplicity in hearings is outweighed by the interest in having liability for all the parties' claims determined in one forum.

The burden of two trials on this issue may be alleviated to some degree by this Court's acceptance at a § 523 hearing of a transcript of the state court proceeding as evidence of fraud sufficient to deny dischargeability. However, the fraud evidenced by the transcript must be shown to be sufficient to constitute fraud for the purposes of and within the meaning of § 523.

In summary, the debtors sought to remove two state law causes of action. With respect to 82–10, the matter was not properly removable because the Tilleys were not a party to the proceeding. With respect to 82–13, the matter was properly removable under § 1478(a), but for the reasons outlined above the Court concludes that it should abstain from hearing the matter and remand the case back to the Circuit Court of King George County.

An appropriate Order will issue.