### In re THERMO ENGINEERING CORPORATION Debtor.

### UNIQUE METAL WORKS, INC., Plaintiff,

v.

### THERMO ENGINEERING CORPORATION Rumford Plumbing & Heating Corp., Defendants.

#### Bankruptcy No. 8300633. Adv. No. 840018.

United States Bankruptcy Court, D. Rhode Island.

March 8, 1985.

See also, 45 B.R. 596.

Richard P. Kelaghan, Providence, R.I., for Unique Metal Works, Inc.

Joseph J. Rodio, Warwick, R.I., for Rumford Plumbing & Heating Corp.

Jason D. Monzack, Providence, R.I., Trustee.

## DECISION DENYING MOTION TO VACATE DEFAULT JUDGMENT

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on defendant Rumford Plumbing & Heating Corp.'s motion to vacate our April 3, 1984 default judgment entered against it in favor of Unique Metal Products, Inc. As grounds for its motion, Rumford asserts that the judgment is void for lack of subject matter jurisdiction. For the reasons stated below, the motion is denied.

In its complaint Unique alleged that on June 1, 1983 it entered into a contract with the debtor, Thermo Engineering Corporation, to have Thermo perform certain construction work for $34,000. It was agreed that the $34,000 figure would be reduced to $15,000, as a set-off against a prior debt owed by Thermo to Unique in that amount. Unique also alleged that within days of the June 30, 1983 filing of Thermo's bankruptcy petition, Thermo fraudulently assigned the contract in question to Rumford (whose principal, Roger LePage, also controlled

the debtor corporation), which claims it is a creditor of Unique. In its complaint, Unique sought to have the assignment to Rumford invalidated, in order to permit the setoff of mutual debts between Thermo and Unique, pursuant to 11 U.S.C. § 553.[1]

The default judgment in question was entered after Rumford's counsel failed to appear at a scheduled pre-trial conference on March 2, 1984. Regarding counsel's failure to answer or to appear, not only did he receive proper notice by mail and prior to entry of default, but the courtroom deputy contacted him at his office by telephone on March 2, 1984 and was informed that Rumford had "no objection" to entry of default judgment.

Rumford contends, nevertheless, that the judgment is void because this Court lacks subject matter jurisdiction. The complaint, to which Rumford did not respond, requests relief under R.I.GEN.LAWS § 6–16–1, which deals with fraudulent conveyances, and under 11 U.S.C. §§ 547, 548, and 553. As to the state cause of action, Rumford asserts, without previously having raised the issue of either jurisdiction or abstention, that the action by Unique against Rumford is totally unrelated to the bankruptcy case, and therefore must be heard in state court. Additionally, Rumford, contends that Unique has not stated a claim for relief under Bankruptcy Code §§ 547, 548, or 553.

■■■ Generally, the decision to set aside a default judgment is within the sound discretion of the court. *See Turner Broadcasting System, Inc. v. Sanyo Electric, Inc.*, 33 B.R. 996, 1001 (N.D.Ga.1983).[2]

A judgment should be vacated under Fed. R.Civ.P. 60(b)(4) if the rendering court lacks the requisite jurisdiction, i.e. subject matter, in rem, or in personam. *See* 6 J. Moore, *Moore's Federal Practice* paragraph 55.09 (2d ed. 1983). Moreover, if the court has jurisdiction and the defendant makes no appearance, the default judgment is clearly not void, even with the presence of such other cause as might otherwise allow it to be set aside. *See Ben Sager Chemicals Internat'l, Inc. v. E. Targosz & Co.*, 560 F.2d 805 (7th Cir.1977).

In examining the validity of the default judgment against Rumford, initially we must address the types of proceedings over which the bankruptcy court has jurisdiction. In enacting 28 U.S.C. § 1471, Congress intended to grant broad jurisdiction to bankruptcy courts to facilitate the efficient and expeditious resolution of all matters connected with the bankruptcy case. *See* H.Rep. No. 595, 95th Cong., 1st Sess. 43–48 (1977), U.S.Code Cong. & Admin. News 1978, p. 5787. Under § 1471, bankruptcy courts were given original jurisdiction of "all civil proceedings arising under Title 11 or arising in or related to cases under Title 11." 28 U.S.C. § 1471(b). In reaction to the Supreme Court decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), the Judicial Conference for the First Circuit approved the so-called Emergency Rule (adopted as Local Rule 53 in the District of Rhode Island, effective December 25, 1982) as an interim measure, until Congress could enact the remedial legislation required by *Marathon*.[3] Under the Emer-

---

1. The trustee has filed a cross-claim against Rumford, and seeks to avoid the transfer, pursuant to 11 U.S.C. §§ 547 and 548. In his counterclaim against Unique, the trustee alleges that Unique owes Thermo $18,260, plus interest and costs, "based upon work done after September 6, 1983." Trustee's Counterclaim, Paragraph 5. By whom the work referred to was actually performed is unclear, since it is admitted by the trustee that Thermo ceased doing business on June 30, 1983. (Trustee's Answer, Paragraph 5.) Unique neither admits nor denies the amount allegedly owing, but maintains that it has a right of setoff against the debtor.

2. Bankruptcy Rule 7055 incorporates by reference Fed.R.Civ.P. 55(c) which provides:

    For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

3. The Emergency Rule, as amended, continued in effect until July 10, 1984, when Congress enacted the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. 98–353 (1984) (the "Act"), containing a new provision, 28 U.S.C. § 1334 governing jurisdiction in the bankruptcy courts. Section 1334 contains, for

gency Rule, instead of bankruptcy matters *originating* in the bankruptcy courts as provided under § 1471, jurisdiction is *referred* from the district court to the bankruptcy court for those proceedings "arising in or related to cases under Title 11." Emergency Rule § (c)(1).

Whether this Court has jurisdiction of the instant proceeding depends, therefore, upon whether *Unique v. Rumford* is "related to" a case under Title 11. A civil proceeding is viewed as related to a bankruptcy case if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins,* 743 F.2d 984, 12 B.C.D. 285, 295 (3rd Cir.1984). *See, e.g., Hall v. Jet Television Rental, Inc. (In re Hall),* 30 B.R. 799 (M.D.Tenn.1983); *Crown Central Petroleum Corp. v. Wechter (In re General Oil Distributors, Inc.),* 21 B.R. 888 (Bankr.E.D.N.Y.1982).

*Unique v. Rumford* is at least "related to," if not actually "arising under," a case under Title 11. The debtor is a co-defendant against which the plaintiff has a claim subject to setoff,[4] and a proceeding to establish the right to offset mutual debts is clearly one "arising under" a case under Title 11, and one over which this Court has jurisdiction. *See Big Bear Super Market v. Princess Baking Corp. (In re Princess Baking Corp.),* 5 B.R. 587, 2 C.B.C.2d 1071 (1980). The right to assert the setoff of a mutual debt, in this instance, is dependent upon a determination that the contract is between Unique and Thermo—not Rumford. With the debtor and Rumford both controlled by a common principal (Roger

LePage), Rumford's contention that its contract dispute with Unique is peripheral rather than related to the bankruptcy case is too transparent to ignore. Certainly the outcome in the action by Unique against Rumford will affect the debtor and its creditors, and will undoubtedly impact upon the administration and size of the estate. *See Churchill Cabinet Co. v. Continental Illinois Nat'l Bank & Trust (In re Destron, Inc.),* 38 B.R. 310 (Bankr.N.D.Ill.1984); *see also In re Hall, supra; United Coal Co. v. Hoyer,* 29 B.R. 1019 (W.D.Va.1983).

■ The fact that the outcome of a dispute may be affected by state law does not prevent the bankruptcy court from making determinations which concern the debtor's liability to a creditor. *See Household Finance Corp. v. Swartz (In re Swartz),* 37 B.R. 776 (Bankr.D.R.I.1984). Since it is necessary to ascertain with whom liability on the contract rests, prior to any determination of setoff rights, we see no merit in Rumford's argument that the *Unique v. Rumford* action is unrelated because it involves Rhode Island law on fraudulent conveyances. Quite to the contrary, the issue of fraudulent conveyance of the contract, and the claim to the right of setoff are so interrelated that the bankruptcy court is probably the most appropriate forum to resolve both of these issues. *See W.A.T. Co. v. G & C Construction Corp. (In re Tilley),* 42 B.R. 827, 12 B.C.D. 213 (1984). We conclude on this basis that the Bankruptcy Court has jurisdiction over the proceeding,[5] and that the default judgment is not void on jurisdictional grounds.

---

the most part, the jurisdictional provisions of the Emergency Rule, as amended. Section 1334 does not apply to the instant dispute, however, because § 122(b) of the transitional provisions of the new Act dictates that "§ 1334(c)(2) of title 28 ... shall not apply with respect to cases under title 11 of the United States Code that are pending on the date of enactment of this Act, or to proceedings arising in or related to such cases." The instant controversy, which was pending on date of enactment of the Act, is governed, therefore, by the Emergency Rule, as amended (Local Rule 53).

**4.** Section 553 permits a creditor and debtor to offset their mutual debts.

**5.** We agree with Rumford's assertion that Unique is not entitled to relief under the preference and fraudulent transfer sections of the Bankruptcy Code, §§ 547 and 548, since those provisions apply only to actions brought by the trustee or the debtor, and not to actions which are brought by a creditor. However, to the extent that Unique also asserted a claim for relief under R.I.GEN.LAWS § 6–16–1 pertaining to fraudulent conveyances, this allegation clearly required the defendant to serve a responsive pleading. The failure of a portion of a complaint to state a proper cause of action will not excuse the defendant from responding to those

■ Although Rumford has not argued "cause" as a reason for vacating the default judgment, we would find, had it done so, that there exists no good cause i.e.—"mistake, inadvertence, surprise, or excusable neglect"—that might otherwise entitle Rumford to relief from a valid judgment under Fed.R.Civ.P. 60(b). Based upon the representations made by Rumford's counsel who, when telephoned by the courtroom deputy to inquire why he was not present at the pre-trial conference, stated that Rumford had "no objection" to the entry of default, we would be hard pressed to conclude that default was the result of inadvertance or mistake. *See United Coin Meter Co., Inc. v. Seaboard Coastline Railroad,* 705 F.2d 839 (6th Cir.1983) (willful conduct, carelessness, or negligence are not "good cause" to vacate default); *see also Turner Broadcasting System, Inc. v. Sanyo Electric, Inc., supra; Ellingsworth v. Chrysler,* 665 F.2d 180 (7th Cir.1981). The prudent approach for counsel who questions jurisdiction, for any reason, is to raise the issue by an affirmative defense, or via a motion for abstention or removal. Instead, Rumford chose (at its peril) not to answer, appear, or otherwise protect its position. In the circumstances, Rumford waived its right to be heard on the merits.

For the foregoing reasons, we conclude that the judgment entered by this Court on April 3, 1984 is not void for lack of jurisdiction, and that the defendant has failed to demonstrate or assert any ground for alternative relief under Fed.R.Civ.P. 60(b). Accordingly, the motion to vacate the default judgment must be denied.

A judgment consistent with this opinion should be presented for entry within ten days.

portions which do set forth actionable grounds.　　*See* Fed.R.Civ.P. 8, general rules of pleading.