**In re Eliyahu SHAIN, Debtor.**

**BROOKLYN JENAPO FEDERAL CREDIT UNION, Plaintiff,**

**v.**

**Eliyahu SHAIN and Congregation K'Hal Chassidim, Inc., Defendants.**

**Bankruptcy No. 181–12163–260. Adv. No. 183–0296.**

United States Bankruptcy Court, E.D. New York.

March 14, 1985.

---

Michael Berman, New York City, for plaintiff.

Samuel Kirschenbaum, Kirschenbaum & Kirschenbaum, P.C., Garden City, N.Y., for defendant Congregation K'Hal Chassidim, Inc.

Eliyahu Shain, pro se.

## DECISION AND ORDER

CONRAD B. DUBERSTEIN, Chief Judge.

This is an adversary proceeding in which the plaintiff, Brooklyn Jenapo Federal Credit Union ("Jenapo") has requested this court determine that a lien obtained by it against real property previously owned by the debtor who has been granted a discharge in bankruptcy, is valid and may be enforced. Plaintiff has made the present motion for summary judgment stating that there are no issues of fact, but only an issue of law regarding whether the lien survived the bankruptcy. The defendant has made a cross-motion to dismiss the complaint and for summary judgment in its favor.

## I

### FACTS

Jenapo, the plaintiff in this adversary proceeding, is a duly authorized Federal Credit Union. On March 18, 1980 Jenapo

obtained a judgment for $12,568.18 in Supreme Court, Kings County against Eliyahu Shain, the debtor herein. This judgment was docketed in the office of the County Clerk of Kings County. At the time of docketing Shain owned real property located at 306 Kingston Avenue, Brooklyn, New York which is located in Kings County, as a tenant in common with Pinchus Karp. Docketing of the judgment created a lien against the real property. N.Y.Civ.Prac.Law § 5203 (McKinney).[1]

On December 24, 1980 the real property was transferred by Shain and Karp to Keren Hasofirm, Inc. for valid consideration. On December 23, 1981 Keren Hasofirm conveyed the property to Ephraim Pierkarski. On February 19, 1982, he, in turn transferred it to the present owner Congregation K'Hal Chassidim, Inc., ("Congregation") a religious corporation, which is one of the defendants in the adversary proceeding.

On July 7, 1981, more than six months after he sold the property, Eliyahu Shain filed a voluntary petition under Chapter 7 of the Bankruptcy Code. The debtor's interest in the Kingston Avenue property was not listed as an asset in his Schedules, it having been transferred by him on December 24, 1980. Jenapo, however, was listed as an unsecured creditor in Schedule A–3. During the bankruptcy proceeding no action was taken by the trustee to avoid Jenapo's judgment lien. Shain was granted a discharge on November 12, 1981 and his case was closed.

On November 16, 1981 upon application of the debtor, an order was entered in this court by the undersigned bankruptcy judge directing the County Clerk of Kings County to indicate by proper and clear reference that the judgment entered against the debtor by Jenapo in the book of judgments was discharged in bankruptcy.

After purchasing the property on February 19, 1982 and prior to commencement of this action, Congregation erected a new, modern synagogue which straddles the Kingston Avenue property and an adjacent lot. Jenapo originally commenced this adversary proceeding against Shain on June 3, 1983. It requested that this court make a determination that the lien obtained by it arising out of the docketed judgment was valid, notwithstanding Shain's discharge in bankruptcy, and authorizing it to enforce its lien against the real property by the issuance of an execution to the Sheriff of the City of New York, County of Kings, for the purpose of selling the real property to satisfy the lien.

Upon Shain's default, judgment was entered in Jenapo's favor on August 16, 1983. The default judgment stated that Jenapo's lien against the real property was not affected by Shain's discharge in bankruptcy.

Upon Stipulation and Order of this Court dated August 27, 1984, the judgment against Eliyahu Shain was vacated pursuant to Fed.R.Civ.P. 24 and Bankruptcy Rule 7024 to permit Congregation to intervene as a party defendant on the ground that its interest in the property would be impaired and that it was not being adequately represented by the existing parties.

Jenapo then served an amended complaint adding Congregation as a party defendant. The relief requested was as originally set forth in the prior adversary proceeding, to wit, a determination that the lien survived the bankruptcy. Shain did not respond to the amended complaint.

---

**1.** N.Y.Civ.Prac.Law § 5203 provides in pertinent part:

  (a) Priority and lien on docketing judgment. No transfer of an interest of the judgment debtor in real property, against which property a money judgment may be enforced, is effective against the judgment creditor either from the time of the docketing of the judgment with the clerk of the county in which the property is located until ten years after filing of the judgment-roll, or from the time of the filing with such clerk of a notice of levy pursuant to an execution until the execution is returned, except:

  1. a transfer or the payment of the proceeds of a judicial sale, which shall include an execution sale, in satisfaction either of a judgment previously so docketed or of a judgment where a notice of levy pursuant to an execution thereon was previously so filed....

Congregation filed an answer stating that prior to purchasing the property in 1982, it engaged Lawyers Title Insurance Corporation to search the records of the Office of the Clerk of the County of Kings to determine if there were any liens or encumbrances against the real property which might render title unmarketable. A search of the judgment roll, it claims, revealed the notation of Shain's discharge in bankruptcy against the Jenapo judgment pursuant to the November 16, 1981 order. Congregation asserts that the notation was of an "absolute discharge", which it concludes has the effect of invalidating Jenapo's lien on the real property under § 150 of New York's Debtor and Creditor Law.[2] Section 150 provides generally that subsequent to one year after discharge a debtor may make application to the court in which a judgment was rendered for the cancellation of record of that judgment. Upon notice, and a hearing that court must determine whether the docket of the judgment should be marked "discharge" or "qualified discharge." An order to that effect must be signed by that court.

In addition, Congregation's answer contains an affirmative defense based on estoppel. It alleges that Jenapo knew or should have known about the order of the Bankruptcy Court dated November 16, 1981 and noted on the judgment roll in the office of the County Clerk 2 years before the adversary proceeding was originally commenced, that Jenapo failed to act with due diligence to enforce its judgment, that Congregation acquired title to the property without knowledge of Jenapo's judgment and that enforcement of this judgment will result in material harm to it. Consequently, Congregation argues, Jenapo should be estopped from enforcing its lien by virtue of laches. Congregation also interposed a counterclaim seeking to impress a constructive trust for its benefit upon all funds received by Shain in 1980 when he sold the property.

Plaintiff has made the present motion pursuant to Fed.R.Civ.P. 12 and Bankrupt-

---

2. N.Y.Debt. and Cred.Law § 150 (McKinney) provides in pertinent part:

1. At any time after one year has elapsed since a bankrupt or *debtor was discharged from his debts, pursuant to the acts of congress* relating to bankruptcy, the bankrupt or debtor, his receiver, trustee or any other interested person or corporation, *may apply, upon proof* of the bankrupt's or debtor's discharge, *to the court in which a judgment was rendered* against him, or if rendered in a court not of record, to the court of which it has become a judgment by docketing it therein, for an *order,* directing that a discharge or a qualified discharge of record be marked upon the docket of the judgment.

2. *If it appears upon the hearing that the bankrupt* or *debtor has been discharged from the payment of that judgment* or the debt upon which it was recovered, *an order must be made directing that a discharge or qualified discharge be marked on the docket of the judgment.*

3. *If it appears that any lien of the judgment upon real property owned by the* bankrupt or *debtor prior to the commencement of the bankruptcy proceedings was invalidated or surrendered in the bankruptcy proceedings or set aside in an action brought by the receiver or trustee, the order shall direct that a discharge be marked on the docket of the judgment.*

4. *If (a) it does not appear whether the judgment was a lien on real property owned by the bankrupt* or *debtor prior to the commencement* of the bankruptcy proceedings, or *(b) if it appears that the judgment was a lien on such real property and it is not established to the satisfaction of the court that the lien was invalidated or surrendered in the bankruptcy proceedings or set aside in an action brought by the receiver or trustee,* the *order shall direct that a qualified discharge be marked on the docket of the judgment. If the court directs that a qualified discharge be marked on the docket of the judgment it shall specify in its order which of the two grounds stated above was the basis of its order.*

5. *Upon presentation of the order for entry,* or of a certified copy thereof for filing, as the case may be, and upon payment of the fees to which he is entitled, the clerk of the court where the order was made, or the clerk of any court where a transcript of the judgment has been filed and docketed, *shall mark on the docket thereof an entry substantially as follows:* In *the case of a discharge,* "Discharged by order of the court; see order entered (or filed) ............ (stating the date of entry or filing of the order)"; *in the case of a qualified discharge,* "Qualified discharge by order of the court; see order entered (or filed) ............ (stating the date of the entry or filing of the order)." (emphasis added).

cy Rule 7012 to strike defendant's affirmative defense and counterclaim, and for summary judgment according to Fed.R.Civ.P. 56 and Bankruptcy Rule 7056. It asserts that there are no issues of fact, but only an issue of law in question, as to whether the lien on the property is still in full force and effect. Congregation made a cross-motion pursuant to Fed.R.Civ.P. 12 and Bankruptcy Rule 7012 for dismissal of the complaint and for summary judgment in its favor, against co-defendant Shain and the plaintiff.

In support of its motion for summary judgment, plaintiff relies on 11 U.S.C. § 506(d)[3] which has been construed to mean that an unchallenged lien passes through a bankruptcy case unaffected. Congregation, premises its cross-motion for summary judgment, on § 150 of New York's Debtor and Creditor Law which it appears from the foregoing, provides a procedure for the cancellation of record of judgments discharged in bankruptcy. Congregation reasons that since the notation made on the docket of the judgment did not comply with the state statute by indicating whether the discharge was qualified or unqualified, § 150 provides that it was an unqualified discharge encompassing the lien. It concludes, therefore, that there is no lien on its property.

## II

### ISSUE

Is a lien against real property which has not been avoided during a bankruptcy proceeding in full force and effect after a debtor receives a discharge where the debtor had transferred his interest in the property before he filed his petition in bankruptcy?

## III

### DISCUSSION AND CONCLUSIONS OF LAW

"[I]t was established under the Bankruptcy Act of 1898 that a lien is not affected by a discharge" in bankruptcy. 1A Bankr.L.Ed., *Summary* § 7:96 (October 1981). A discharge affects and voids only the personal liability of a debtor with respect to a debt. However, a valid lien which has not been avoided in the pre-discharge period of a bankruptcy proceeding survives the bankruptcy unaltered. *See, e.g., Long v. Bullard,* 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886). This rule has endured and presently manifests itself in 11 U.S.C. § 506(d).[4] One purpose of Section 506(d)(1) is simply to codify the rule of *Long v. Bullard, supra,* permitting liens to pass through bankruptcy unaffected. *See* H.R. No. 95–595, 95th Cong., 2d Sess. 357 (1978), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5963, 6313; 3 *Collier on Bankruptcy,* para. 506.07 at 506–49. Accordingly, creditors holding unavoided liens have the right to exercise their in rem rights against the property securing the lien after the granting of a discharge. *In re Smiley,* 26 B.R. 680, 10 B.C.D. 97 (Bkrtcy.D.Kan.1982); *In re Cassi,* 24 B.R. 619, 9 B.C.D. 1022 (Bkrtcy.N.D.Ind.1982).

The 7th Circuit recently reaffirmed this principle. It stated:

A long line of cases ... since the Bankruptcy Code was overhauled in 1978, allows a creditor [owed] a [debt] secured by a lien on the assets of a debtor who becomes bankrupt before the [debt] is repaid to ignore the bankruptcy proceed-

---

**3.** 11 U.S.C. § 506(d) in effect at the time this issue arose provided:

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void unless—

(1) a party in interest has not requested that the court determine and allow or disallow such claim under section 502 of this title; or

(2) such claim was disallowed only under section 502(e) of this title.

Compare § 506(d), as amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984 (P.L. 98–353), which provides for survival of the lien if the sole reason for disallowance is failure to file a proof of claim.

**4.** *See supra* note 3.

ing and look to the lien for the satisfaction of the debt.

*In re Tarnow,* 749 F.2d 464 (7th Cir.1984).

■ When this court signed the order dated November 16, 1981 directing the County Clerk of Kings County to make an entry in the docket of the judgment indicating Shain was discharged in bankruptcy, it in no way intended, nor could it affect the lien held by Jenapo. It is clear from a reading of the order of this court dated and entered November 16, 1981 that only Shain's personal liability was discharged. The order states:

> The County Clerk of the County of Kings, State of New York, is hereby directed to indicate by proper and clear reference that the said *judgment* entered against the debtor, ELIYAHU SHAIN by BROOKLYN JENAPO FEDERAL CREDIT UNION, in the book of judgments under date of March 18, 1980, index no. 24978/79, is discharged in bankruptcy agains (sic) the said ELIYAHU SHAIN.... (emphasis added)

The order was not intended to substitute for an order of the state court required by a state statute as a condition to having a state court judgment discharged of record. It is apparent that the debtor did not comply with the provisions of N.Y. Debtor and Creditor Law § 150 inasmuch as he did not have a hearing on notice in state court to determine whether the docket of the judgment should be marked "discharge" or "qualified discharge", nor did he wait the required one year after discharge to apply for the hearing, as provided for by § 150. However, it is also apparent that the November 16, 1981 order could in no way affect the status of the lien in question.

It is to be noted, as the facts above clearly demonstrate, at the time the debtor filed his petition in bankruptcy, he no longer had any interest in the subject property. The facts further indicate that at no time prior to his disposition of the property was the lien of Jenapo satisfied or in any manner deemed to have been void. It simply continued to be a lien on the property although the debtor no longer had an interest in it.

Thus, the question remains as to whether or not there was a lien affecting property as to which this court had jurisdiction to make a determination. It is the opinion of this court that in any event it would have no jurisdiction to make a determination at this time as to the validity of the lien and that it would be strictly a matter for a state court to determine.

■ Section 101(28) of the Bankruptcy Code defines a lien as a "charge against or interest in property to secure payment of a debt or performance of an obligation." In order for a claim to be deemed properly secured it must affect property of the bankruptcy estate. It is abundantly clear that the property in question was never property of the estate. For that reason, Jenapo cannot be found to have been a secured creditor of the debtor with a lien affecting the debtor's property.

■ Thus, the final question under the facts involved, is whether this court has jurisdiction of the present issue. It is clear that the answer must be in the negative.

When the complaint herein was filed, in June, 1983, the court was operating pursuant to Emergency Rule adopted by Emergency Resolution by the Eastern District of New York on December 21, 1982. The Emergency Rule allowed a blanket referral of "[a]ll cases under Title 11 and all civil proceedings arising under Title 11 or arising in or related to cases under Title 11," from the district court to the bankruptcy court. However, in a "related proceeding," as a result of *Northern Pipeline Construction Co. v. Marathon Pipeline Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), a bankruptcy judge was not empowered to enter a judgment or dispositive order, unless the parties consented to such entry. No such consent was given.

The Emergency Rule continued to be in effect until July 10, 1984 when Congress enacted the Bankruptcy Amendments and Federal Judgeship Act of 1984, P.L. 98–353 ("1984 Act"). Bankruptcy Judge Cecelia

Goetz discussed provisions of the 1984 Act in a recent case, *In re Goldrich*, 45 B.R. 514, 12 B.C.D. 729, 730 (Bkrtcy.E.D.N.Y. 1984) as follows:

> By order of Chief Judge Jack B. Weinstein, dated July 12, 1984, and amended August 7, 1984, the District Courts of the District have referred to the bankruptcy judges in this District "all cases under Title 11 or arising or related to a case under Title 11 filed in the Eastern District of New York." This reference, which parallels that in the Emergency Rule, is authorized by 28 U.S.C. § 157, added by the 1984 Act.

> However, Section 157 limits the authority of bankruptcy judges to act in referred matters. Except in "core proceedings", as that term is defined in U.S.C. § 157(b)(2), the bankruptcy judge may not enter a final order unless the parties consent thereto. The judge's power is limited to submitting proposed findings of fact and conclusions of law to the District Court. Any final order or judgment is to be entered by the district judge.

Section 157(b) sets forth specifically those factors which the court must consider in determining whether it has jurisdiction. The closest that we could come to finding jurisdiction here lies in subsection (K) of § 157(b)(2), regarding "determinations of the validity, extent or priority of liens." However, it is this court's opinion that the lien in question must be one affecting the debtor's property. The lien, here does not affect property of the debtor.

The final issue then, is whether the court should exercise its jurisdiction solely for the purposes of certifying the question to the district court, as provided by § 157(c)(1) of the 1984 Act. The answer to this lies in 28 U.S.C. § 1334 which governs jurisdiction of the bankruptcy court. Section 1334(c)(1), effective on July 10, 1984, allows the court in its discretion, to abstain "in the interest of justice, or in the interest of comity with State courts or respect for State law, ... from hearing a particular proceeding ... related to a case under title 11."

In light of all of the foregoing, it is the decision of this court that it abstain from submitting proposed findings of fact and conclusions of law on the issue involved. *Accord In re Dakota Grain Systems, Inc.*, 41 B.R. 749, 12 B.C.D. 71 (Bkrtcy.D.N.D. 1984); *In re Smith-Douglass, Inc.*, 43 B.R. 616, 12 B.C.D. 426 (Bkrtcy.E.D.N.C.1984); *In re John R. Tilley and Wanda N. Tilley*, 42 B.R. 827, 12 B.C.D. 213 (Bkrtcy.E.D.Va. 1984). The proper tribunal for a determination on the issue, the validity of the lien, is the state court where the judgment was created which gave rise to Jenapo's lien.

Based upon the principles stated above, it is unnecessary to consider any other issues raised by the parties. For the reasons outlined, the court will abstain from hearing the present matter.[5]

SO ORDERED.

---

5. This opinion constitutes the findings of fact and conclusions of law required by Rule 7052 of the Rules of Bankruptcy Procedure.