**In re Mary Locust HARRIS, Debtor.**

**Bankruptcy No. 5–85–00279.**

United States Bankruptcy Court,
D. Connecticut.

Aug. 28, 1986.

■■■■■■■■■■■■

Daniel Meister, Norwalk, Conn., Trustee.

Christopher I. Greenwood, Bridgeport, Conn., for People's Sav. Bank.

## MEMORANDUM AND ORDER

## ON CHAPTER 13 TRUSTEE'S OBJECTION

## TO PROOF OF CLAIM FILED BY SECURED CREDITOR

ALAN H.W. SHIFF, Bankruptcy Judge.

The Chapter 13 trustee objects to a pre-confirmation proof of claim filed by a secured creditor, People's Savings Bank ("the Bank"), contending that the claim was not timely filed. The trustee further contends that the Bank should be treated in accordance with the debtor's Chapter 13 plan.

### BACKGROUND

On May 1, 1985, the debtor filed a voluntary petition under Chapter 13 of the Code. Paragraphs 12(b) and 14(a) of the Chapter 13 Statement, filed with the petition, listed the Bank as a secured creditor, holding a first mortgage on the debtor's residence in the amount of $20,000.00, which was described as "up to date." The list of creditors, filed with the petition, included the Bank and noted that the Bank's first mortgage was not disputed, contingent, or unliquidated. The debtor's Chapter 13 Plan provided for distributions to "[H]olders of *allowed secured claims* ..." (emphasis added). The debtor also filed a proposal with her petition stating, *inter alia,* that she "seeks to cure any alleged arrearage with Peoples Bank by paying the regular monthly payment and $100.00 a month toward any arrearage of principal and interest until current."

On May 23, 1985, a computer service utilized by the trustee mailed a notice to all creditors, including the Bank, that the debtor had filed a petition under Chapter 13 and that the first date set for the meeting of creditors was June 24, 1985. The notice further stated:

In order to have his claim allowed so that he may share in any distribution from the estate, a creditor must file a claim, whether or not he is included in the list of creditors filed by the debtor. Claims which are not filed within 90 days after the above date set for the meeting of creditors will not be allowed, except as otherwise provided by law.

September 23, 1985 was stated as the last date for filing claims.

On October 1, 1985, the Bank filed a proof of claim listing a secured claim in the principal amount of $28,993.52 and an arrearage of $2,965.97 as of September 23, 1985. On March 13, 1986, the trustee filed an objection to the Bank's proof of claim for the reason that it "was not filed within 90 days after the first date set for the meeting of creditors called pursuant to Sec. 341(a) of the Code, which date was 06–25–85, and does not fall within any of the exceptions set forth in Bankruptcy Rule 3002(c)." Notwithstanding the language in the debtor's plan that distributions to secured creditors would be made only to holders of allowed secured claims, the objection went on to state that "the trustee does propose, however, to treat said secured claim as set forth in the debtor's plan that may heretofore or hereinafter be confirmed by this Court."

### DISCUSSION

■ Bankruptcy Rule 3002 provides in relevant part:

Filing Proof of Claim or Interest

(a) *Necessity for Filing.* An unsecured creditor or an equity security holder must file a proof of claim or interest in accordance with this rule for the claim or interest to be allowed, except as provided in Rules 3003, 3004 and 3005.

(c) *Time for Filing.* In a chapter 7 liquidation or chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date

set for the meeting of creditors called pursuant to § 341(a) of the Code, except as follows: [Listing circumstances not applicable in this case].

The trustee argues that although 3002(a) is silent as to secured creditors, a secured creditor wishing to file a proof of claim must do so within the 90 day time limitation under 3002(c). In essence, the trustee takes the position that 3002(c) may be read independently of 3002(a). I disagree.

Rule 3002 must be read as a whole. Such a reading demonstrates the internal dependence each subparagraph has on the others. Subparagraph (a) states *who* must file a proof of claim, (b) states *where* the claim is to be filed, and (c) states *when* the claim must be filed. To suggest that (c) requires a chapter 13 secured creditor to file a proof of claim within 90 days of the first day set for the meeting of creditors would distort the clear language of the rule. If the drafters wished to include secured creditors in 3002(a) so that such creditors would come within the time limitation established by 3002(c), they would have done so. Moreover, such a reading would undermine the "overriding rehabilitative purpose of Chapter 13." *In re Taddeo*, 685 F.2d 24, 29 (2d Cir.1982) (citations omitted).

Rule 3002 as written is not inconsistent with the Code in general or Chapter 13 in particular. There is no requirement in the Code that creditors file a proof of claim. The Code merely states that a creditor, including a secured creditor, *may* file a proof of claim. *See* 11 U.S.C. § 501(a).[1] Indeed, the absence of a rule requiring a secured creditor to file a proof of claim within the 90 day limitation promotes the rehabilitative purpose of Chapter 13.

Granting wage-earning debtors an opportunity to cure arrearages to save their homes as part of their fresh start was one of Congress's principal objectives in strengthening the analogous provisions under Chapter XIII of the Act to make plans under Chapter 13 more attractive to debtors. *See* 11 U.S.C. § 1322(b)(2), (3) & (5); *In re Taddeo, supra,* 685 F.2d at 27–8; *Grubbs v. Houston First American Savings Association,* 730 F.2d 236, 238 (5th Cir.1984); *In re Glenn,* 760 F.2d 1428 (6th Cir.1985); *In re Roberts,* 20 B.R. 914, 919 (Bankr.E.D.N.Y.1982); *In re Breuer,* 4 B.R. 499, 502 (Bankr.S.D.N.Y.1980); H.R. Rep. No. 595, 95th Cong., 1st Sess. 118 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6079 ("The benefit to the debtor of developing a plan for repayment under chapter 13, rather than opting for liquidation under chapter 7, is that it permits the debtor to protect his assets ... Under chapter 13, the debtor may retain his property by agreeing to repay his creditors.").

■ Distributions under Chapter 13 plans are made only to creditors with allowed claims. *See* 11 U.S.C. § 1325 and Rule 3021. In order to have a claim allowed, a proof of claim must be filed with respect to that claim which is then deemed allowed unless a party in interest objects and such objection is sustained. *See* 11 U.S.C. § 502.

■ Under Code § 1327(a), the provisions of a confirmed plan bind each creditor, so a secured creditor whose claim has been included in a confirmed plan cannot attempt to enforce his lien post petition absent an order providing relief from the effect of the confirmation order. On the other hand, if a secured creditor does not file a proof of claim, the lien securing the debt would survive bankruptcy.[2] As the court in *In the Matter of Tarnow* observed:

---

**1.** Code § 501 provides in relevant part:
Filing of proofs of claims or interests.
    (a) A creditor or an indenture trustee may file a proof of claim. An equity security holder may file a proof of interest.
    (b) If a creditor does not timely file a proof of such creditor's claim, an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim.
    (c) If a creditor does not file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim.

**2.** The result might be different if the trustee or debtor filed a proof of claim on behalf of the

A long line of cases ... allows a creditor with a loan secured by a lien on assets of the debtor who becomes bankrupt before the loan is repaid to ignore the bankruptcy proceeding and look to the lien for the satisfaction of the debt. 749 F.2d 464, 465 (7th Cir.1984). *See also In re Simmons*, 765 F.2d 547, 556 (5th Cir.1985); *In re Shain*, 47 B.R. 309, 12 B.C.D. 1039 (Bankr.E.D.N.Y.1984); *In the Matter of Stein*, 14 B.C.D. 733, 735–36 (Bankr.D.Neb., 1985). And that result would not be disturbed by subsections 1327(b) and (c), which provide that the order of confirmation vests all of the property of the estate in the debtor free and clear of any claim or interest of any creditor provided for by the plan. *See In re Simmons, supra*, 765 F.2d at 555. As a consequence, the lien of a secured creditor, who chose not to file a proof of claim, may be enforced after obtaining relief from or upon the termination of the automatic stay. *See* 11 U.S.C. § 362(a), (c) and (d).

Under § 506(d)(2),[3] when a secured claim is disallowed, a lien securing the claim is void unless the claim was disallowed only because of the failure of any entity to file a proof of such claim under § 501. Here, the trustee objects to the Bank's proof of claim as untimely filed. Arguably, the trustee's objection might be read as an objection on other than § 501 grounds. The trustee's objection, however, must be read as an objection under § 501 to avoid the potentially anomalous result of the avoidance of a lien where the underlying claim is disallowed for the sole reason that it was not timely filed, but the survival of a lien where the underlying claim was never filed. Therefore, if the trustee's ob-

jection were to be sustained, the Bank's lien would survive bankruptcy; and the Bank, upon relief from or termination of the automatic stay, would be free to enforce it in state court.

It is clear from the debtor's plan and the other papers she filed with her petition that she intended to cure any default and maintain regular payments on the Bank's mortgage, 11 U.S.C. § 1322(b)(5), in order to save her home; but neither the debtor nor the trustee has filed a proof of claim on behalf of the Bank, *see* 11 U.S.C. § 501(c) and Rule 3004;[4] and the debtor's plan provides for distributions only to creditors with allowed claims. Therefore, if the trustee's objection to the Bank's proof of claim is sustained, there will be no allowed claim for the Bank, and no distributions under the debtor's plan, notwithstanding the trustee's suggestion to the contrary. Moreover, as noted, the Bank with its lien unaffected by bankruptcy, would be in a position to seek relief from the automatic stay, so that it could commence a foreclosure action in state court on the debtor's residence. Such a result would not only frustrate the intent of the debtor and the Bank, it would also run contrary to the rehabilitative objectives of Chapter 13.

For the foregoing reasons, the Bank's pre-confirmation filing of a proof of claim asserting its security interest in the debtor's residence was timely filed, the trustee's objection is overruled, and it is SO ORDERED.

---

**3.** 11 U.S.C. § 506(d)(2) (1982, 1984 Supp. II) provides:

    (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void unless—

    (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

creditor, see 11 U.S.C. § 501(c) and Rule 3004, and then objected to the claim.

**4.** Bankruptcy Rule 3004, Filing of claims by Debtor or Trustee:

    If a creditor fails to file a proof of claim on or before the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, the debtor or trustee may do so in the name of the creditor. The clerk shall forthwith mail notice of the filing to the creditor, the debtor and the trustee. The creditor may thereafter file a proof of claim pursuant to Rule 3002 or Rule 3003, which proof when filed shall supersede the proof filed by the debtor or trustee.